RODERICK RICHARDSON *vs.* J. W. PIERCE & another.

Suffolk. November 19. — 20, 1875. — WELLS & COLT, JJ., absent.

A., holding a promissory note of which B. was the maker and C. the indorser, signed a composition deed whereby the creditors of B. released all claim against him, the deed to be null and void unless signed by all his creditors, and wrote after his name the words, "provided this does not release the indorser in any manner." In an action against B. by another creditor, who had signed the deed, C.'s name did not appear among the signers of the deed; but it was agreed that if the signing by A. did not release the indorser, then all the creditors had signed. *Held*, that the condition annexed by A. to his signature was equivalent to a reservation of his rights against C., and did not prevent his execution of the deed from operating as a release of all his rights against B.; and that the deed was a bar to the action.

CONTRACT against J. W. Pierce and J. E. Lochman, on a promissory note dated May 20, 1873, payable four months after date, signed by Greenlaw & Gillis, and payable to the order of David Gillis, and indorsed by him and by each of the defendants. Writ dated January 20, 1874. The action was defended by Pierce alone. His answer set up a deed of composition dated October 8, 1873, between himself and his creditors, by which, in consideration of the payment of fifty per cent. of their respective claims, they agreed to release him from all claims which they then

had against him, the deed to be null and void if not signed by all his creditors. This deed was signed by the plaintiff among others, but Lochman's name did not appear among the signers.

At the trial in the Superior Court, before *Allen*, J., it appeared that Samuel B. Rindge held a promissory note, of which Pierce was the maker and Lochman the indorser. The composition deed was signed " Samuel B. Rindge, provided this does not release the indorser in any manner." The plaintiff contended this was not a valid signing in contemplation of the agreement. It was admitted if this did not release the indorser, then all the creditors had signed. The judge submitted the question to the jury, whether the paper was signed by all the creditors. The jury found for the defendant; and at the request of the parties the judge reported the case to this court.

If the above signing was valid, judgment was to be entered on the verdict for the defendant; otherwise a new trial to be had.

*S. J. Thomas*, for the plaintiff.

*J. H. Hardy*, for the defendant Pierce.

GRAY, C. J. The condition annexed by Rindge to his signature of the deed of composition was equivalent to a reservation of his rights against Lochman as indorser of the note held by Rindge, and did not prevent his execution of the deed from operating as a release of all his rights against Pierce as maker of that note, although it could not affect any right of Lochman against Pierce. *Sohier* v. *Loring*, 6 Cush. 537. *Tobey* v. *Ellis*, 114 Mass. 120. But the report expressly states that if this execution of the deed by Rindge did not release the indorser, all the creditors of Pierce had signed the composition deed — which, as Lochman's name does not appear among the signers of that deed, necessarily implies that the relation between him and Pierce was such that he was not a creditor of Pierce, and would not, if called upon to pay the note as indorser, have any right to recover against Pierce. The deed of composition, having been signed by all the creditors of Pierce, is a bar to this action against him.

*Judgment on the verdict for the defendant.*