GERARD C. TOBEY *vs.* MATTHIAS ELLIS.

**A** *composition deed by which the holder of a note discharges the maker upon receiving a portion of the debt, does not discharge an indorser when the holder's remedy against him is expressly reserved by the deed.*

CONTRACT upon a promissory note signed by Pratt & Wentworth, and indorsed by the defendant.

In the Superior Court, trial by jury was waived, and the case was heard and determined by *Brigham*, C. J., who found for the plaintiff for $4176.53 damages, and the defendant alleged the following exceptions :

" The defendant indorsed the note declared on, of which the makers were Pratt & Wentworth, who paid to the plaintiff $1250 in part payment of said note. This payment was made under an agreement of composition with their creditors by Pratt & Wentworth, which agreement related to the note declared on, and was signed by the plaintiff. The material part of the compromise paper was as follows : ' It being expressly understood, agreed and provided that neither anything herein contained, nor the acceptance of either of said percentages, shall in any way or manner impair or affect our claims, rights or remedies against any other party or parties who is, or are or may be liable on any note, draft or acceptance to which said Pratt & Wentworth are parties ; but all our claims, rights and remedies against all such parties are hereby expressly reserved on all such notes, drafts and acceptances.'

" Upon the facts, the court ruled that the defendant was not discharged from his liability as indorser of said note, by the act of the plaintiff with Pratt & Wentworth in said agreement of composition with creditors, and said payment made under it ; and that the plaintiff was entitled to recover the balance of said note unpaid."

*E. Avery & R. C. Lincoln,* for the defendant.

*G. C. Tobey, pro se,* was not called upon.

WELLS, J. Upon the statement of the case, we must under stand that the "agreement of composition with their creditors, by Pratt & Wentworth," was executed by Pratt & Wentworth.

The agreement is not annexed, and its purport is not set out beyond the statement that it was a " composition." It is fair to assume that it was such as would have operated as a full discharge not only of Pratt & Wentworth, but of indorsers upon their notes, but for the reservation set forth in the bill of exceptions. That reservation preserved the rights of the creditor against indorsers, and of indorsers against the debtors. *Sohier* v. *Loring*, 6 Cush. 537. *Hutchins* v. *Nichols*, 10 Cush. 299. *Potter* v. *Green*, 6 Allen, 442. *Exceptions overruled.*