ADELLA CLARK vs. HENRY E. BULLARD & another.

Suffolk.   March 14, 1911. — May 17, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*False Representations.   Fraud.   Wagering Contracts.   Release.   Contract.*
*Covenant.*

In an action of tort for damages resulting from the plaintiff's relying on false and
   fraudulent representations by the defendants that a corporation, of which they
   were officers and agents and which was not a party to the action, was engaged
   in legitimate stock brokerage business, whereas it was " doing a gambling busi-
   ness under the management of the defendants," if it appears that the plaintiff
   because of the representations dealt with the corporation and suffered a loss,
   the defendants cannot rely in defense upon certain instruments under seal, to
   which the plaintiff and the corporation were the only parties, and in which, on
   the completion of certain specified transactions with the corporation, the plain-
   tiff released and discharged it, " its principals, stockholders, officers, agents and
   servants, and each of them, therefrom, and also from any and all right of ac-
   tion, claim or demand under or by virtue of " St. 1890, c. 437, " or any act
   amendatory thereof or supplementary thereto, for any payment or deposit at
   any time heretofore made, either on the within contract or any other contract
   or transaction whatsoever," and covenanted " never to sue therefor them or
   either or any of them, or on account of any other cause of action, claim or de-
   mand whatsoever," because the defendants were not parties to the instruments
   and could maintain no action against the plaintiff on the covenants not to sue
   contained in them.

TORT for false and fraudulent representations that the Mu-
tual Stock Company, of which the defendants were officers and
agents, was engaged in the actual purchase and sale of stocks
and commodities, whereby the plaintiff was induced to pay to it
for legitimate transactions in stocks certain sums set out in a
schedule annexed to the declaration, and suffered loss thereby,
the declaration alleging that the Mutual Stock Company was not
engaged in the actual purchase and sale of stocks and commodi-
ties but was " doing a gambling business under the management
and control of the defendants."   Writ in the Municipal Court of
the City of Boston dated March 6, 1906.

On appeal to the Superior Court, the case was tried before
*Bell,* J.   In defense the defendants offered five releases, which
are described in the opinion, and as to which the presiding judge,
when they were offered, ruled as follows: " I am going to make
a ruling here for the purpose of settling this matter.   I might as
well make it broad enough.   Our statute, not for the benefit of

the stockholders, nor for the benefit of the particular person who deals with this company, but for the purpose of preventing and discouraging this business as a matter of public policy, passed certain laws. If these [referring to the alleged releases] were given for the purpose of escaping and evading these laws, I rule they were void."

The releases were excluded, subject to exceptions by the defendants.

The jury found for the plaintiff in the sum of $824.96; and the defendants alleged exceptions.

The case was submitted on briefs.

*F. H. Noyes*, for the defendants.

*G. H. Stebbins, O. Storer & C. E. Burbank*, for the plaintiff.

MORTON, J. This is an action of tort to recover of the defendants for certain alleged false representations made by them in regard to the nature of the business carried on by the Mutual Stock Company, of which the defendants were officers and agents, and thereby inducing the plaintiff to enter into various transactions and dealings with that company to her detriment. There was a verdict for the plaintiff and the case is here on the defendants' exceptions.

The defendants rely on certain releases given by the plaintiff to the Mutual Stock Company, wherein, in consideration of the sums therein recited to have been received by her from the Mutual Stock Company, " in full for all payments under any and all contracts and transactions ' closed ' to this date," she releases and discharges " the said Mutual Stock Company, its principals, stockholders, officers, agents and servants, and each of them, therefrom, and also from any and all right of action, claim or demand under or by virtue of chapter 437 of the Acts of the Commonwealth of Massachusetts for the year 1890, or any act amendatory thereof or supplementary thereto, for any payment or deposit at any time heretofore made, either on the within contract or any other contract or transaction whatsoever, and I covenant never to sue therefor them or either or any of them, or on account of any other cause of action, claim or demand whatsoever."

The action, it is to be observed, is not for any claim or demand arising under and by virtue of St. 1890, c. 437, now R. L.

c. 99, or any acts in amendment thereof or supplementary thereto, but for fraudulent representations alleged to have been made by the defendants in regard to the nature of the business carried on by the Mutual Stock Company of which the defendants were and are officers and agents. So much of the releases as relate to such claims or demands was and is therefore manifestly inapplicable to the case before the court. It is also to be observed that the releases relied on and the covenants not to sue contained therein are contracts not between the plaintiff and the defendants but between the plaintiff and the Mutual Stock Company. The defendants are not parties to the contracts contained in the releases or to the covenants not to sue. It is plain, we think, that the defendants could maintain no action against the plaintiff for a breach of the covenant not to sue contained in the releases, for the reason that the covenant is not made with them but with the Mutual Stock Company, and no part of the consideration moves from them. *Saunders* v. *Saunders*, 154 Mass. 337. *Clare* v. *Hatch*, 180 Mass. 194.

Moreover the releases are under seal, and in regard to them "the law," as said in *Saunders* v. *Saunders, supra,* "has always been that only those who were parties to them could sue upon them." If the defendants could not maintain an action for breach of the covenant not to sue, we do not see how they can avail themselves of it by way of defense or to prevent circuity of action as a bar to the present suit. *Perkins* v. *Gilman*, 8 Pick. 229. The reason that they are not parties to the covenant and none of the consideration moves from them is as applicable in one case as in the other. Even if it be assumed in favor of the defendants that if they were parties to them the releases would operate as a bar to the present action, for the reasons stated we think that they must be regarded as inoperative so far as these defendants are concerned.

If the releases cannot be pleaded by the defendants as a bar to the present action for the reasons stated, it is immaterial whether they would also be void, as ruled by the presiding judge, if they were given for the purpose of escaping and evading the statute in regard to wagering contracts (R. L. c. 99), as to which see *Wall* v. *Metropolitan Stock Exchange*, 168 Mass. 282.

*Exceptions overruled.*