CARL A. KARCHER *vs.* HAROLD BURBANK & another.

Norfolk. April 5, 1939. — June 3, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Covenant*, Not to sue. *Agency*, Liability of agent to principal. *Surety*. *Equity Jurisdiction*, Specific performance, To enjoin prosecution of proceeding in Federal court.

An agent, whose negligence in the scope of his employment had caused an injury to one who for a consideration had given him a covenant that he would "forever refrain from instituting, pressing or in any way aiding any claim . . . action or causes of action . . . in any way growing out of" the injury, was entitled to a decree in equity enjoining the injured person from prosecuting an action in a Federal court against the agent's principal for damages growing out of the same injury.

BILL IN EQUITY, filed in the Superior Court on June 8, 1938.

The final decree was entered by order of *Williams*, J.

In this court the case was submitted on briefs.

*W. A. Torphy & J. P. McGuire, Jr.*, for the defendants.
*K. C. Parker*, for the plaintiff.

Cox, J. The only question in this case is whether the final decree, from which the defendants appealed, should

have been entered enjoining, as it did, the defendants from further prosecution of actions brought by them against The American Sugar Refining Company, hereinafter referred to as the company, and from instituting or pressing any action or claim against that company on account of injuries received by the defendants by reason of an automobile accident involving a motor vehicle in which they were riding and a motor vehicle owned and operated by the plaintiff. The case was heard by a judge of the Superior Court on the bill and answer. Rule 31 of the Superior Court (1932). For the purposes of such a hearing all facts well pleaded in the answer, and all facts well pleaded in the bill and not denied in the answer, are treated as true, and the question is whether the plaintiff is entitled to relief upon the pleadings. *Polish Political Club* v. *Cloper*, 260 Mass. 559. *Joslin* v. *Boston & Maine Railroad*, 274 Mass. 551, and cases cited. *Boston* v. *Curley*, 276 Mass. 549. *Borggaard* v. *Department of Public Works*, 298 Mass. 417, 419. The allegations of the bill here admitted and not denied in the answer are that on or about November 21, 1935, there was a collision between the automobile operated by the plaintiff and the automobile in which the defendants were riding, and, as a result, the defendants were injured; that on or about July 22, 1936, the defendants, in consideration of the sum of $7,200 paid to them by the plaintiff, covenanted and agreed as follows: "We, Harold Burbank and Mary Burbank, Individually and as husband and wife, of East Bridgewater in the County of Plymouth and Commonwealth of Massachusetts for my heirs, executors and administrators, in consideration of Seventy-two Hundred and 00/100 Dollars . . . to us paid by Carl A. Karcher the receipt of which is hereby acknowledged, do by this instrument covenant with said Carl A. Karcher to forever refrain from instituting, pressing or in any way aiding any claim, demand action or causes of action for damages, cost, loss of service, expenses or compensation for, on account of, or in any way growing out of any injury received by us on or about the 21st day of November, 1935 at or near Elm Street, Raynham, Massachusetts by reason of Automobile

accident involving motor vehicle in which we were riding and motor vehicle owned and operated by the said Carl A. Karcher." This instrument was signed and sealed by both of the defendants. The bill further alleges that the defendants have brought actions, now pending in the District Court of the United States, against the company to recover compensation and damages for their said injuries; that in these actions recovery is sought on the ground that the plaintiff in the case at bar was negligent and that at the time of the accident he was an agent or servant of the company. The defendants in their answer aver that, at the time of their injuries, the plaintiff was operating the automobile as an agent for the company. It was admitted that the plaintiff had received a notice from the company to defend these actions and that he had been notified that it would hold him liable for the payment of any judgments which the defendants might obtain in their actions.

The principal and his agent are liable in separate actions to a third person for the agent's negligent acts committed within the scope of his authority, both of which actions may be pursued until one satisfaction is obtained. *Pion* v. *Caron*, 237 Mass. 107, 111, and cases cited. *Popkin* v. *Goldman*, 266 Mass. 531, 536, and cases cited. See *Bruce* v. *Johnson*, 277 Mass. 273, 275. *Gordon* v. *Cross & Roberts, Inc.* 287 Mass. 362. In the case at bar, if the company is chargeable with the negligence of the plaintiff, it is only because his negligence is imputed to it by a rule of law; and if, because of his negligence, the defendants were injured and the company is compelled to pay damages, the plaintiff will be bound to reimburse it. *White* v. *Phillipston*, 10 Met. 108, 111. *Pittsley* v. *Allen*, 297 Mass. 83. See *Alderman* v. *Noble*, 296 Mass. 30. Apart from cases arising under some statute, it is the rule that the law will not permit a party to receive anything more than one compensation for an injury, and where the injury is caused by the joint, combined or concurrent negligence of two or more persons, there can be but one full and complete indemnity. *Stone* v. *Dickinson*, 5 Allen, 29. *Cormier* v. *Worcester Consolidated Street Railway*, 234 Mass. 193.

Compare *Porter* v. *Sorell,* 280 Mass. 457. It is assumed that a cause of action of the principal against the agent for the latter's tort, committed in the course of his employment, does not arise until the principal has been required to pay the damages. It is settled that where a plaintiff has received money on account of his injuries from one tortfeasor, but not in such circumstances that the transaction amounts to a release, the amount so received is admissible in evidence in reduction of damages in an action against a joint or concurrent tortfeasor. *O'Neil* v. *National Oil Co.* 231 Mass. 20, 28, 29. *Solomon* v. *Dabrowski,* 295 Mass. 358. See *Daniels* v. *Celeste, ante,* 148.

In the case of *Johnson* v. *Von Scholley,* 218 Mass. 454, a sealed instrument was in evidence that in all respects corresponds with the instrument in the case at bar except as to names, dates, amounts, and the addition after the words "or in any way growing out of," of the words "or hereafter to grow out of." The court said, at page 457: "But the covenant not to sue put in evidence by the defendants [owners of the truck in collision with a street railway car in which the plaintiff was a passenger, the covenant running to the railway company] did not operate as a discharge of the plaintiff's cause of action; it only barred the remedy against the company for reasons stated in *Matheson* v. *O'Kane,* 211 Mass. 91." In the case of *Matheson* v. *O'Kane,* 211 Mass. 91, the court, for the first time, decided that a covenant not to sue did not operate as a release of other joint tortfeasors, making a distinction between a release and a covenant not to sue. In that case the court said, at page 94: "For a breach of his covenant not to sue he [the plaintiff] becomes liable for the damages suffered by the one to whom the covenant was given. It is true that a covenant not to sue an individual debtor may be pleaded in bar to the original cause of action. But this exception was early established in order to avoid circuity of action, as otherwise the court would be burdened with cross actions for the same damages, one on the original liability and the other on the covenant not to sue." *Foster* v. *Purdy,* 5 Met. 442. *Green* v. *Hoffarth,* 277 Mass. 508.

The plaintiff in the case at bar contends that, if the defendants are permitted to pursue their actions against the company and to recover, the covenant not being pleadable in bar in those actions, the company will in turn look to him for reimbursement of any sums paid in satisfaction of any judgment, and that he has no adequate remedy at law. He further contends that the covenant should be interpreted to mean that the plaintiff intended to buy his peace and be forever relieved from any further costs or expense on account of the automobile accident in which he was involved, and that the defendants intended to refrain from action or conduct that would subject him to any further expense beyond the amount that he had paid the defendants. As against this contention it may be said that the plaintiff may defend the actions that the defendants had brought; that unless the payment by the plaintiff to the defendants amounted to full compensation for their injuries, they should not be precluded from the attempt to recover whatever may be due them; that the plaintiff may offer in evidence the amount paid by him for the purpose of reducing the defendants' damages; that no one knows what the outcome will be of the cases in the District Court of the United States or whether the defendants will recover anything at all, and that no distinction should be made in the case of a covenant not to sue an agent, where there is also a right of action against his principal, and a covenant not to sue one joint or concurrent tortfeasor. This precise question did not arise in the case of *Johnson* v. *Von Scholley*, 218 Mass. 454, where the defendants and the street railway were concurrent tortfeasors. As was said in that case, at page 458, if, notwithstanding the covenant not to sue, the defendants, on whom rested the burden of proof, had shown that the plaintiff in fact had compromised a claim without qualification, the action could not be maintained. See *Brewer* v. *Casey*, 196 Mass. 384; *Boston Supply Co.* v. *Rubin*, 214 Mass. 217. Strictly speaking, a covenant not to sue is not in fact a release, although it is its equivalent with respect to the covenantee and is allowed so to operate to avoid circuity of action. *Perkins*

*v. Gilman,* 8 Pick. 229. As the company was not a party to the covenant not to sue, it could maintain no action against the defendants for its breach. *Clark* v. *Bullard,* 208 Mass. 586, 588.

The respective rights of the plaintiff and the defendants in the case at bar depend upon the interpretation of the covenant. We are of the opinion that the general rule laid down in *Matheson* v. *O'Kane,* 211 Mass. 91, and followed in *Johnson* v. *Von Scholley,* 218 Mass. 454, ought not to be applied. In the latter case, as already pointed out, the defendants and the other tortfeasor were in no such relation as the plaintiff in the case at bar and the company, and there was no possibility of reimbursement of one tortfeasor by the other. The company's liability is of a derivative or secondary character, resting solely upon the doctrine of *respondeat superior. Pangburn* v. *Buick Motor Co.* 211 N. Y. 228, 234. The company was, in effect, the plaintiff's surety, and could, therefore, recover over against him if compelled to pay damages for his negligence while he was acting as its agent within the scope of his authority. *Kramer* v. *Morgan,* 85 Fed. (2d) 96. See *Pittsley* v. *Allen,* 297 Mass. 83. It is a principle of the law of suretyship that a release or a covenant not to sue the person known by the covenantor to be the principal will discharge the surety. *Potter* v. *Green,* 6 Allen, 442, 444. See 2 Williston on Contracts (Rev. ed.), § 342; compare *Tobey* v. *Ellis,* 114 Mass. 120; see *Matheson* v. *O'Kane,* 211 Mass. 91, 94, 95. But such a covenant not to sue does not so operate where it contains an express reservation of the covenantor's rights against others. *Sohier* v. *Loring,* 6 Cush. 537. *Hutchins* v. *Nichols,* 10 Cush. 299. *Kenworthy* v. *Sawyer,* 125 Mass. 28. In the case at bar the covenant contained no such reservation. Whether or not the defendants knew of the relationship between the plaintiff and the company when the covenant was entered into, they must have known, on the record that is before us, that any claim they might then have against the company on account of the plaintiff's negligence would be of a derivative character. Although the result of granting

injunctive relief to the plaintiff has the effect of releasing the company, nevertheless we are of the opinion that this does not amount to a denial of the correctness of the result reached in the *Johnson* case. Compare *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71; *Wells Fargo & Co.* v. *Taylor,* 254 U. S. 175.

The defendants' covenant was at least an undertaking "to forever refrain from . . . in any way aiding any claim" against the plaintiff. If they should recover judgment in their actions against the company, a possible cause of action against the plaintiff will have been created. Although these actions are against the company, the defendants must know that, in theory at least, the ultimate loss in the event that damages are recovered will fall upon the plaintiff, and that under the principle stated in *Levinton* v. *Poorvu,* 293 Mass. 338, 341, the plaintiff, if he does not take over the defence of the actions against the company, may be bound by any judgment recovered. It has been said, in discussing the effect of a covenant not to sue, that "the intention of the parties is carried out by allowing the creditor to take judgment at law, leaving the party who holds the covenant to his remedy in equity for a specific performance, by which he is fully protected not only from paying any more directly, but, if there be sureties, by restraining the creditor from collecting any amount out of them, because that would subject him to their action, and thus indirectly violate the covenant, or, if there be other principal obligors by restraining the collection of any more than an aliquot part of the debt, or any amount that would subject the party to an action for contribution." *Russell* v. *Adderton,* 64 N. C. 417, at 420. In the case of *Smith* v. *South & Western Railroad,* 151 N. C. 479, a covenant not to sue an independent contractor was held to be a bar to an action by the covenantor against a railroad company which, if judgment was recovered against it for negligence alleged to have caused the covenantor's injuries, could recover from the independent contractor the amount of such judgment. See *Brown* v. *Louisburg,* 126 N. C. 701; *Hammond* v. *Kansas, Oklahoma & Gulf Railway,* 109 Okla.

72. Where an abutting property owner was liable to indemnify the city for any judgment that might be obtained against it because of injuries sustained in the use of the highway, a covenant not to sue given by the person injured to the abutting owner was treated as a release of any claim against the city. *Bello* v. *Cleveland*, 106 Ohio St. 94. See, however, *Cleveland* v. *Hanson*, 15 Ohio App. 409, affirmed, 105 Ohio St. 646. Compare *Ellis* v. *Jewett Rhodes Motor Co.* 29 Cal. App. (2d) 395. To deny the plaintiff relief would be to allow the defendants to violate indirectly their covenant and to force the plaintiff to participate actively in a chain of litigation begun by them "on account of his negligence," or at least to suffer the possible consequences of such litigation. *Bello* v. *Cleveland*, 106 Ohio St. 94. We think it is not open to the defendants to object to the plaintiff's having chosen to apply for equitable relief before the first links in that chain have been forged by them, and that he is entitled to injunctive relief.

We do not think it is open to the defendants, on the record before us, to contend that the trial of the cases that are pending in the Federal court might proceed upon some other theory than that the defendants are seeking to hold the company because of the negligence of its agent, the plaintiff. The case at bar is distinguishable from cases like *Welch* v. *Corey*, 201 Mass. 165, *Clark* v. *Bullard*, 208 Mass. 586, and *New York Central Railroad* v. *William Culkeen & Sons Co.* 249 Mass. 71.

The defendant has not argued that the plaintiff has a plain and adequate remedy at law. "An adequate remedy at law which will deprive a court of equity of jurisdiction is a remedy as certain, complete, prompt and efficient to attain the ends of justice as the remedy in equity." *McGrath* v. *C. T. Sherer Co.* 291 Mass. 35, 41. In the case of *Smith* v. *South & Western Railroad*, 151 N. C. 479, hereinbefore referred to, which was an action at law where the plaintiff had given a covenant not to sue to the other tortfeasor who, in turn, would be answerable for any judgment that the plaintiff might recover against the defendant, the court, in affirming the judgment, said at page 483: "Under our

present system, where law and equity, legal and equitable rights, are administered in the same action, his Honor, in the trial of this action accomplished what . . . [was] declared [in the case of *Russell* v. *Adderton*, 64 N. C. 417] could be done by a suit in equity." We think the plaintiff is entitled to specific performance of the defendants' covenant. The fact that the actions are pending in the District Court of the United States does not prevent the court from granting such relief. *Dehon* v. *Foster*, 4 Allen, 545. There is no suggestion, to which, if made, we could not yield, that in any trial of the pending cases in the Federal court the correct rules of law would not be applied. *Columbian National Life Ins. Co.* v. *Cross*, 298 Mass. 47. *Erie Railroad* v. *Tompkins*, 304 U. S. 64.       *Decree affirmed with costs.*