## HELEN LaPOINTE v. SIDNEY F. SANSONE

SUPERIOR COURT     NEW HAVEN COUNTY     FILE NO. 18983
AT WATERBURY

Memorandum filed April 25, 1951.

*Michael V. Blansfield,* and *Irving William Pasternak,* of Waterbury, for the Plaintiff.

*Lewis, Hart, Upson & Secor,* of Waterbury, for the Defendant.

MURPHY, J. As a special defense to the plaintiff's suit against an employer for damages caused by an employee's negligence, the defendant has set up a covenant not to sue given to the employee in a prior suit against the employee only and claims that it operates as a release to the employer. In the covenant, no special reservation of the right to sue others was made. Does the covenant become a release because the reservation was omitted? The answer to that question is determinative of the demurrer to this special defense.

The plaintiff was injured on February 24, 1950, when struck by an automobile owned and operated by one Trevison. She sued him and for an undisclosed sum settled and withdrew her

action against him. She executed an instrument captioned "covenant not to sue," which recited that for $1 and other valuable considerations she covenanted with Trevison "forever to refrain from instituting, pressing or in any way aiding any claim, demand, action or cause of action . . . against Trevison" and arising out of this particular incident. It was dated September 18, 1950. It did not include any reservation of the right to sue any other person who might be liable.

In November the present suit was instituted against Sansone. It is alleged that at the time that plaintiff was injured Trevison was acting as the agent and employee of Sansone in the course of his employment. As a special defense, Sansone sets up the covenant. He maintains that it has the effect of a release and is a complete bar to the present action.

It is well-settled law that the release of one joint tortfeasor constitutes a release to all. *Dwy* v. *Connecticut Co.,* 89 Conn. 74, 77. In the *Dwy* case the court held that the reservation of the right to sue others in an instrument that was couched in words of release made such an instrument a covenant not to sue.

The present defendant is not, strictly speaking, a joint tortfeasor. His liability, if any, is secondary. It arises under the doctrine of "respondeat superior." *Chase* v. *New Haven Waste Material Corporation,* 111 Conn. 377, 379. However, the same rule applies in both situations, so that Sansone would escape liability for Trevison's delict if the instrument delivered to Trevison is a release.

"The cardinal rule of interpretation is the discovery of the intent and meaning of the parties from the language used. . . ." *Dwy* v. *Connecticut Co.,* supra, 88. The absence of any words of release in this instrument is of great significance. The titling of it as a "covenant not to sue" coupled with the use of words of restriction and limitation in the body of the instrument clearly indicates the intent of the parties. It is my conclusion that the instrument is just what it purports to be, i. e., a covenant not to sue.

The defendant places great reliance upon the Massachusetts case of *Karcher* v. *Burbank,* 303 Mass. 303. That case holds by indirection that the absence of the reservation of the covenantor's rights against others in a covenant not to sue constitutes a fatal defect and the instrument operates as a release. In it the court expressly stated that the general rule should not be applied.

It based its decision on the principle of principal and surety because the employer could recover from the employee for damages paid for the latter's tort.

To follow such a ruling would work a grievous injustice in a case where the relationship of employer and employee is not known by the injured party at the time the covenant is executed and the matter is compromised at a nominal figure because of the impecunity of the employee. *Hamburger* v. *Paterson Tallow Co.,* 122 N. J. L. 457.

I am somewhat concerned about the advisability of deciding this as a matter of law. Upon the pleadings I can hardly do otherwise though it might be a question of fact for the trier to determine under certain circumstances.

The demurrer is sustained. Restatement 3 Torts § 885 (2); 126 A. L. R. 1199, 1202 and cases cited.