JOHN J. RICHMOND *vs.* SCHUSTER EXPRESS, INC.; RONALD J. ROBERTS & another, third-party defendants. September 21, 1983. *Contract*, Covenant not to sue. *Negligence*, Imputed.

The plaintiff seeks recovery from the defendant, Schuster, for injuries sustained as a result of an automobile accident, proceeding solely on the theory of respondeat superior. Schuster filed a third-party complaint against Ronald J. Roberts, its employee, and against Nationwide Mutual Insurance Company for common law and contractual indemnification, respectively. On Schuster's motion for summary judgment, the trial judge dismissed the complaint on the ground that a covenant not to sue

---

Roberts and Nationwide, executed by the plaintiff, precluded the action against Schuster as well. We affirm.

An employer who is liable solely on the theory of respondeat superior is not a joint tortfeasor with the employee and may compel the employee to indemnify him for any judgment entered against it. *Kabatchnick* v. *Hanover-Elm Bldg. Corp.*, 331 Mass. 366, 369 (1954). Therefore, in order to avoid circuity of action, the Supreme Judicial Court has held that a covenant not to sue an employee precludes a subsequent action against the employer. *Karcher* v. *Burbank*, 303 Mass. 303, 308-309 (1939). Nolan, Tort Law § 303 (1979).

The plaintiff argues that his express reservation of rights against "any and all persons other than [Roberts] and [Nationwide]" permits the action against Schuster, citing in support dicta from *Karcher* v. *Burbank, supra* at 308. However, the plaintiff overlooks the provision in the covenant not to sue which states: "That John J. Richmond will never institute any action or suit at law or in equity against [Roberts] and [Nationwide], nor institute, prosecute or in any way aid . . . *any claim* . . . for damages . . . arising out of a motor vehicle collision had by and between John J. Richmond and [Roberts] . . ." (emphasis supplied). This is precisely the type of language which precluded the suit against the employer in *Karcher* v. *Burbank, supra* at 309.

The clear intent of the parties was to protect Roberts and Nationwide from further liability, direct or indirect, while leaving open the possibility of suit against an independent tortfeasor such as a manufacturer. The instigation of this lawsuit was a direct breach by the plaintiff of his covenant not to sue. Permitting it to proceed will only result in the type of circuitous actions sought to be avoided in *Karcher*.

*Judgment affirmed.*

*Wayne H. Thayer* for John J. Richmond.
*Joel E. Mann* for Schuster Express, Inc.