William D. O'REILLY et al., Plaintiffs,

v.

Henry C. MALON et al., Defendants.

Civ. A. No. 80–2309–A.

United States District Court,
D. Massachusetts.

April 26, 1984.

William D. O'Reilly, pro se.

John P. Linehan, Boston, Mass., for Max Houss and Interstate.

Henry Malon, pro se.

Geist & Malon, White Plains, N.Y., for Malon.

## OPINION

BAILEY ALDRICH, Senior Circuit Judge.[*]

This action for slander was brought by William D. O'Reilly, Rev. John T. O'Reilly and Contemporary Mission, Inc. (CMI), hereinafter plaintiffs, William D. being counsel for, and Rev. John T. an officer of, CMI, against Henry C. Malon, Max Houss and Interstate Computer Services, Inc. (ICS), Malon being counsel for, and Houss an officer of, ICS. For present purposes the individual plaintiffs can be referred to in the singular as O'Reilly, and the individual defendants in the singular as Houss. Because of bankruptcy proceedings pending against ICS, O'Reilly and CMI went to trial against Houss alone. As a result of jury verdicts, a money judgment was entered in favor of O'Reilly against Houss, and a judgment for Houss in respect to plaintiff CMI. Houss satisfied the judgment in favor of O'Reilly, and a document so acknowledging was filed herein. CMI, however, appealed, and in due course the Court of Appeals wrote an unpublished opinion and issued a mandate affirming the judgment. *O'Reilly v. Malon*, 720 F.2d 657 (1st Cir.1983).

■ The bankruptcy court has now authorized plaintiffs' case against ICS to proceed, but ICS moves for summary judgment based upon the prior judgments of this court and their alleged collateral effect. Plaintiffs' actions against ICS are based wholly on respondeat superior. Plaintiffs assert at the outset that the issue is not to be governed by ordinary judgment principles because the judgments never became final. With respect to O'Reilly, the court sees no merit in this supposed distinction. Surely if a judgment is entered, and recorded as satisfied, the court will not look beyond at some asserted oral claim now advanced that it was not a real judgment and is to be equated with a covenant not to sue. The judgment speaks for itself. O'Reilly's alleged conversations with attorney Linehan are not binding on ICS and not relevant anyway.

■ CMI's contention is more troublesome. It points out, unfortunately correctly, that the Court of Appeals lacked jurisdiction of its appeal because the judgment in Houss's favor was not final, inasmuch as the action against ICS was still pending, and there had been no Rule 54(b) certificate requested or issued.[1] *See Bowling Machines, Inc. v. First National Bank of Boston*, 283 F.2d 39, 41–42 (1st Cir.1960); *Huckeby v. Frozen Food Express*, 555 F.2d 542, 545–46 (5th Cir.1977); F.R.Civ.P. 54(b). This is a dilemma for which the court finds no precedents. In this situation it will explore what would be the consequences if CMI's judgment were in fact final, and if, so treating it, the court finds that all defendants are now entitled to judgment it will so order. There will then be a final judgment with respect to all parties and if CMI chooses to renew its appeal the Court of Appeals can give the matter such further consideration as it chooses.

Turning to the merits, the slander found by the jury was a statement by Houss to the effect that O'Reilly was siphoning funds out of CMI, a charitable corporation. Houss failed to prove truth, and the jury rejected his defense of privilege. On the CMI count, however, it found for Houss.

---

[*] Sitting by designation.

[1] The Court of Appeals perhaps failed to observe this because of an error in the district court clerk's office. Someone had crossed out ICS's name as a party on the docket sheet caption, and no one flagged the matter.

■ Defendant ICS, in moving for summary judgment with respect to O'Reilly's claim against it, says that the measure of the agent's liability is the same as the principal's, *American Society of Mechanical Engineers, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 566–67, 102 S.Ct. 1935, 1942–43, 72 L.Ed.2d 330 (1982),[2] and this has been determined, and paid, and Houss cannot recover twice. This court agrees. As the court said in *Karcher v. Burbank*, 303 Mass. 303, at 305, 21 N.E.2d 542 (1939),

> "The principal and his agent are liable in separate actions to a third person for the agent's negligent acts committed within the scope of his authority, both of which actions may be pursued *until one satisfaction is obtained.*" (Emphasis suppl.)

Nor can O'Reilly be entitled to a second shot at the amount. Not only is once enough, but if a second trial should result in a larger figure, and ICS could then claim against Houss for breach of authority, O'Reilly would, in effect, be recovering more from Houss indirectly than a jury had determined he was responsible for directly. Even apart from this, on general principles indicated in *Karcher,* ICS' motion for judgment against O'Reilly must be granted.

■ As to CMI, the other side of the coin, where CMI has been found to have suffered no injury as a result of what Houss did as ICS's agent, it could have none on the basis of respondeat superior against his principal. The jury having found that CMI was not damaged by acts of the agent, and since these acts are the sole basis of any claim against the principal, that must be the end of the matter. *Portland Gold Mining Co. v. Stratton's Independence, Ltd.*, 158 F. 63 (8th Cir. 1907), cited with approval in *Giedrewicz v. Donovan*, 277 Mass. 563, 566, 179 N.E. 246 (1931). *See also Home Owners Federal Savings & Loan Ass'n v. Northwestern Fire & Marine Ins. Co.*, 354 Mass. 448, 451–56, 238 N.E.2d 55 (1968), and the general discussion in *Eisel v. Columbia Packing Co.*, 181 F.Supp. 298 (D.Mass.1960).

■ CMI, however, raises two special reasons why issue preclusion should not apply. One is that there were other, personal claims against Houss, separate from his acting as agent for ICS. If so, the jury's verdict against CMI rejected those claims as well, but that does not diminish its clear rejection of any claims against Houss in his capacity as agent. In point of fact, the slander was precisely what was before the jury, and the basis of the verdict.

■ Second, CMI claims that it was not afforded a "full and fair opportunity" to litigate its claim in the first trial, because certain allegedly relevant evidence was excluded as lacking a proper foundation. This argument depends on the definition of opportunity. In the court's view, CMI's running into an evidentiary problem, assuming the court's determination withstands appeal, does not mean it was denied an opportunity. Nothing prevented CMI from prosecuting its action thoroughly and diligently the first time, and it had every incentive to do so. The consequences of the judgment cannot be avoided by contending that it would do better on a second go-round.

Finally, the court would add that this whole matter is before it only fortuitously. If the trial had proceeded against ICS originally, plaintiffs would have ended up just where they do now. It would have been inconsistent, and impermissible, for the jury to have returned verdicts more favorable to plaintiffs with respect to ICS than with respect to Houss, and, again, there could have been but one satisfaction. Defendant's motion for summary judgment is not only legally sound, but sound as a matter of sense. Plaintiffs want a second trial because they did not prove their case well enough the first time, but, unhappily for them, and thousands of others who would like a second chance, with no inten-

---

**2.** Different considerations might govern punitive, as distinguished from compensatory, damages, but punitive damages for libel are not recoverable in Massachusetts. *Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849, 859–61, 330 N.E.2d 161 (1975).

tion of disrespect to Rev. O'Reilly, the judicial prayer wheel revolves only once.

Motion granted.