CAROLE KELLY & another[1] *vs.* AVON TAPE, INC.

Norfolk. January 3, 1994. - April 25, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Alcoholic Liquors*, Motor vehicle. *Negligence*, Employer, Alcoholic liquors, Motor vehicle, Intoxicated person, Duty to prevent harm. *Motor Vehicle*, Operating under the influence. *Practice, Civil*, Summary judgment. *Agency*, Agent's liability to third person. *Release*.

In circumstances where an employer knew or should have known that its employee became intoxicated while at work but where the employer had not furnished alcohol to the employee, the employer owed no duty, under the theory of host liability, to members of the general public to protect them from the consequences (e.g., an automobile accident) of the employee's intoxication. [588-589] WILKINS, J., dissenting, with whom LIACOS, C.J., joined, expressed the opinion that this issue should not have been foreclosed on summary judgment.

Tort plaintiffs who sought to hold an employer liable for the acts of its employee under the principle of respondeat superior were barred from proceeding on that claim by their having executed general releases discharging the employee from all liability. [589-591]

CIVIL ACTION commenced in the Superior Court Department on October 3, 1989.

The case was heard by *Barbara A. Dortch*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert LeRoux Hernandez* for the plaintiffs.

*Carol A. Griffin* for the defendant.

ABRAMS, J. At issue is whether an employer that knows or should know that an employee became intoxicated while working should be held liable for permitting the intoxicated

[1]Roger Galvin.

employee to drive home. The plaintiffs, Carole Kelly and Roger Galvin, claim that they were injured by Juan Rodriguez, an employee of Avon Tape, Inc. (defendant), while he was driving home on a public highway. The plaintiffs claim that the defendant is liable to them for the damages resulting from the accident under the doctrines of host liability and respondeat superior. The Superior Court judge allowed the defendant's motion for summary judgment on both claims and entered a judgment in the defendant's favor. The plaintiffs appeal. We transferred the appeal to this court on our own motion. We affirm.

1. *The facts.* Viewed in the light most favorable to the plaintiffs, see *Alioto* v. *Marnell*, 402 Mass. 36, 37 (1988), the materials submitted on the summary judgment motion established the following facts. While the defendant did not serve or supply alcoholic beverages to Rodriguez, the defendant did provide a refrigerator on its premises for the benefit of its employees and was aware that its employees stored beer in it. The defendant knew that Rodriguez consumed beer at work on the day of the accident and made no attempt to stop his drinking. In addition, the defendant knew or should have known that Rodriguez left its premises in an intoxicated state.[2] Thereafter, Rodriguez, while driving negligently, struck and injured the plaintiffs.

2. *The employer-host liability claim.* The plaintiffs contend that, by virtue of its knowledge of Rodriguez's intoxicated condition, the defendant had a duty, which it failed to fulfil, to take reasonable steps to prevent Rodriguez from driving. To prevail on their employer-host liability claim, the plaintiffs must establish that the defendant had a duty of care to prevent Rodriguez from harming them. See

---

[2]The defendant admitted that it knew that its employees stored beer in the refrigerator, that Rodriguez consumed beer at work on the day of the accident and that it made no attempt to stop his drinking, and that it knew or should have known that Rodriguez left work in an intoxicated state solely for the purpose of permitting the Superior Court judge to rule on its motion for summary judgment. The defendant claims to possess evidence which contradicts these admitted facts.

*O'Gorman* v. *Antonio Rubinaccio & Sons,* 408 Mass. 758, 760 (1990); *Dhimos* v. *Cormier,* 400 Mass. 504, 506 (1987); *Theriault* v. *Pierce,* 307 Mass. 532, 533 (1940). Whether the defendant owed such a duty to the plaintiffs is a question of law. See *O'Gorman, supra* at 760; *Bacon* v. *Federal Kemper Life Assurance Co.,* 400 Mass. 850, 856 (1987); *Monadnock Display Fireworks, Inc.* v. *Andover,* 388 Mass. 153, 156 (1983).

In *Mosko* v. *Raytheon Co.,* 416 Mass. 395, 397 (1993), we held that the duty of care which an employer-host owes to members of the general public "should be tested by existing standards governing a social host's liability." We noted that we have never imposed social host liability on "a private defendant [who] has not engaged in conduct that fairly might be described as negligent by furnishing alcohol to an obviously intoxicated person (or to a minor) . . . [because] [o]nly when a host controls the liquor supply is it reasonable to assume that a host has the ability to monitor the guests' alcohol consumption." (Footnote omitted.) *Id.* at 402, citing *Ulwick* v. *DeChristopher,* 411 Mass. 401, 407 (1991); *Cremins* v. *Clancy,* 415 Mass. 289, 293-294 (1993); and *O'Gorman, supra* at 761. We then concluded that "a host's duty of care derives from [its] control over the liquor supply." *Mosko, supra* at 403.

We see no reason in the present case to depart from the principle which we announced in *Mosko, supra.* The parties in this matter have stipulated that the defendant did not furnish alcohol to Rodriguez. Therefore, the defendant owed no duty to protect members of the general public from the consequences of Rodriguez's intoxication. Because the defendant owed no duty of care to the plaintiffs under the doctrine of host liability, the Superior Court judge correctly allowed the defendant's motion for summary judgment on this issue.

3. *The respondeat superior claim.* It is undisputed that, for valuable consideration, both of the plaintiffs executed general releases which discharged Rodriguez from all liability arising out of the accident. In *Elias* v. *Unisys Corp.,* 410 Mass. 479 (1991), we noted that "the principles of vicarious

liability apply where only the agent has committed a wrongful act. The principal is *without fault.* The liability of the principal arises simply by the operation of law and is only derivative of the wrongful act of the agent." (Emphasis in original.) *Id.* at 481, citing *Karcher* v. *Burbank,* 303 Mass. 303, 305 (1939). We therefore held that a "general release given to an agent will preclude a subsequent [respondeat superior] action against his principal." *Elias, supra* at 482, citing *Karcher, supra* at 308. *Richmond* v. *Schuster Express, Inc.,* 16 Mass. App. Ct. 989 (1983).

The plaintiffs did not address the issue of what impact the general releases had on their respondeat superior claim in their appellate brief because the Superior Court judge did not rely on that issue in allowing the defendant's motion for summary judgment. However, a correct ruling of the trial court will be upheld, even if the appellate court relies on a different ground than the one relied on by the trial court. See *Cook* v. *Cook,* 293 Mass. 29, 32 (1935); *Slocum* v. *Natural Prods. Co.,* 292 Mass. 455, 458 (1935).

The plaintiffs apparently argued below that our holding in *Elias, supra,* should not apply to bar their respondeat superior claim because they had no knowledge at the time they executed these releases that Rodriguez had, on the day of the accident, consumed alcoholic beverages made available to him by the defendant. However, it is undisputed that the defendant did not furnish Rodriguez with alcoholic beverages on the day of the accident. In addition, regardless of what the plaintiffs knew at the time they executed the general releases, it would be unfair to Rodriguez to permit the plaintiffs to proceed with their respondeat superior action. For, if the plaintiffs' respondeat superior claim proves successful, Rodriguez could be required to pay twice for the same tort: once to obtain the release and a second time to indemnify the defendant. See *Elias, supra* at 483. Therefore, on the basis of the general releases which the plaintiffs executed in favor of Rodriguez, we conclude that the order of the Superior

Court judge allowing the defendant's motion for summary judgment on the respondeat superior claim was correct.

*Judgment affirmed.*


WILKINS, J. (dissenting in part, with whom Liacos, C.J., joins). I disagree with the court's conclusion on what it calls "the employer-host liability claim," a characterization of the employer's role in this matter with which I do not concur.

I believe that the defendant owed a duty to travelers on the highways, such as the plaintiffs, if (1) the defendant allowed the consumption of alcoholic beverages during working hours by the employee who caused the accident (in fact, encouraged the practice by knowingly providing refrigeration for alcoholic beverages), (2) the defendant knew or reasonably should have known both (a) that the employee who negligently caused the plaintiffs' injuries was intoxicated as he was leaving work and (b) that the employee was immediately going to operate a motor vehicle, and (3) the defendant could have but did not take reasonable steps to prevent the employee from operating the motor vehicle. In these circumstances, it is irrelevant that the employer did not provide the alcoholic beverages. The employer was in a position more analogous to a licensed seller of alcoholic beverages than to a social host because the employer had control over the conduct of his employee in a way no social host has over a guest. Indeed, on the facts that give rise to the duty I have identified, the employer had more control over its employee's conduct than the operator of a bar or restaurant has over its customers.

This issue should not have been foreclosed on summary judgment.