ATLAS TACK CORPORATION *vs.* SALVATORE F. DIMASI & another.[1]

No. 93-P-370.

Suffolk. March 23, 1994. - July 25, 1994.

Present: ARMSTRONG, JACOBS, & PORADA, JJ.

*Attorney at Law*, Malpractice, Canons of ethics. *Partnership*, What constitutes. *Estoppel. Release.*

A plaintiff seeking to recover damages against two lawyers on the ground that they were vicariously liable for the alleged malpractice of a third attorney established that there was a disputed issue of material fact whether a partnership by estoppel existed in the circumstances; summary judgment should not have been granted in favor of the defendants. [68-70]

A plaintiff who executed a general release of the responsible tort feasor did not thereby discharge other parties who would be derivatively or vicariously liable, where the release contained an express reservation of rights against those parties: the plaintiff's action against the other parties was not barred by the release. [70-72]

CIVIL ACTION commenced in the Superior Court Department on May 10, 1991.

The case was heard by *Thomas E. Connolly*, J., on motions for summary judgment.

*Michael J. O'Neill* for the plaintiff.

*John T. Lamond* for Stephen P. Karll.

*John F. Kehoe, Karen S. Breda & John D. Bruce*, for Salvatore F. DiMasi, submitted a brief.

PORADA, J. The plaintiff sought to recover damages against the defendants, both lawyers, on the ground that they were vicariously liable for the alleged malpractice of another attorney, Ralph Donabed, with whom they shared office space. Both defendants filed motions to dismiss supported by

---

[1]Stephen P. Karll.

affidavits in which they averred that they were not partners of Donabed and had never held themselves out to be partners. The plaintiff filed an opposition to the defendants' motions to dismiss supported by an affidavit.[2] Treating the motions to dismiss as motions for summary judgment, the judge allowed the defendants' motions.

After the motions were allowed, the plaintiff settled his claim for malpractice with Donabed and executed a release of Donabed from any and all claims "growing out of his legal representation of [the plaintiff] including but not limited to all claims against [him]" arising out of this action. The release specifically excluded the plaintiff's claims against the defendants in this action.[3]

---

[2]The plaintiff also filed a motion for a continuance to allow the plaintiff time to conduct discovery before the court ruled on the defendants' motions to dismiss. This motion was denied by the motion judge on the grounds that the plaintiff had failed to conduct any discovery in the preceding several months while the action was pending before the court and had failed to file an affidavit in compliance with Mass.R.Civ.P. 56(f), 365 Mass. 825 (1974). The plaintiff claims this was error. There was none. *First Natl. Bank* v. *Slade*, 379 Mass. 243, 244-245 (1979)(failure to file an affidavit pursuant to rule 56[f] precludes argument that party should have been given an opportunity to conduct discovery before the court action on motion for summary judgment).

[3]The pertinent provisions of the release read as follows: "FOR GOOD AND VALUABLE CONSIDERATION of Ninety-Five Thousand Dollars ($95,000), Atlas Tack Corporation of Boston, Massachusetts, does hereby release and discharge and by these presents does . . . forever discharge Ralph A. Donabed . . . from any and all actions, cause of action, suits, accounts, debts, claims, demands and liabilities of every name and nature, both in law and in equity, including but not limited to all damages . . . or any claim whatsoever on account of or in any way growing out of his legal representation of Atlas Tack Corporation including but not limited to all claims against Ralph A. Donabed, stated in a certain action entitled *Atlas Tack Corporation v. Ralph A. Donabed, Law Offices of Dimasi, Donabed and Karll, Salvatore F. DiMasi and Stephen P. Karll,* Suffolk Superior Court, Civil Action Number 91-3159, and specifically does *not* release and discharge any and all claims that Atlas Tack Corporation has against the Law Offices of Dimasi, Donabed and Karll, Salvatore F. Dimasi and Stephen P. Karll, stated in a certain action entitled *Atlas Tack Corporation v. Ralph A. Donabed, Law Offices of Dimasi, Donabed and Karll, Salvatore F. Dimasi and Stephen P. Karll,* Suffolk Superior Court, Civil Action Number 91-3159."

This appeal by the plaintiff then ensued. The plaintiff claims that summary judgments should not have been granted to the defendants because there is a disputed issue of material fact as to whether the defendants were partners by estoppel of Donabed. Ordinarily, whether a partnership by estoppel exists is a question of fact. *Mersick* v. *Bilafsky*, 205 Mass. 488, 492 (1910). In this case, however, based on the verified materials presented, the motion judge determined that the plaintiff's proof was insufficient as matter of law to establish a partnership by estoppel. We examine that proof.

In the affidavits presented to the judge by the defendants, the defendants averred that while they shared office space with Donabed, paid for a receptionist for the office together, and had office stationery entitled "Law Offices of DiMasi, Donabed & Karll, A Professional Association," they did not hold themselves out to be partners, never represented to the plaintiff or anyone else that they were partners and did not consent to any such representation. They also averred that they kept separate files, had their own staff, had their own personal stationery, and paid for their own expenses. In response, the plaintiff's president averred that the corporation needed an attorney to handle a dispute relating to the cost of clean up of a hazardous waste site it owned and was referred to this law office; that it was the corporation's business practice to hire law firms with multiple personnel and financial resources; that he assumed that he was hiring the law firm of DiMasi, Donabed & Karll when he spoke to Donabed; that all the correspondence and invoices received by the plaintiff from Donabed bore the letterhead of "Law Offices of DiMasi, Donabed & Karll, A Professional Association," and listed a roll of attorneys in the left hand margin; and that the checks issued by the plaintiff in payment for legal services were made payable to DiMasi, Donabed & Karll.

In order to establish a partnership by estoppel, the plaintiff bore the burden of proving "(1) that the would-be partner has held himself out as a partner; (2) that such holding out was done by the defendant directly or with his consent; (3) that the plaintiff had knowledge of such holding out; and (4)

that the plaintiff relied on the ostensible partnership to his prejudice." *Brown* v. *Gerstein*, 17 Mass. App. Ct. 558, 571 (1984). See also G. L. c. 108A, § 16. At issue here are the first two elements: whether Donabed held himself out as a partner of the defendants and whether the holding out was done with the defendants' consent. Relying upon *Brown* v. *Gerstein*, in which we held "that the use of a person's name in a business, even with that person's knowledge, is too slender a thread to warrant a favorable finding on the consent element," *id.* at 572, the judge apparently concluded that the defendants' consent to use of their names on the business letterhead did not amount to their holding themselves out as partners of Donabed or consenting to do so.

We conclude that this case is distinguishable from *Brown* v. *Gerstein*. In that case, Brown sought to hold Weiner, who practiced law with Gerstein, derivatively liable for Gerstein's alleged malpractice as his partner by estoppel. The only proof presented on the question of partnership by estoppel was evidence that Brown had received correspondence bearing the legend of Gerstein & Weiner, that Weiner knew that Gerstein was using Gerstein & Weiner stationery, and that a retainer check was made payable to Gerstein. Here, unlike the *Brown* case, the defendants not only knew that Donabed was using stationery with the legend "DiMasi, Donabed & Karll" but they also knew and consented to his use of stationery that bore the legend after their names, "a professional association" and listed in the margin a roll of attorneys including themselves, Donabed, and two attorneys not named in the letterhead title of DiMasi, Donabed & Karll. In addition, the bills forwarded to the plaintiffs from Donabed came on stationery with this letterhead instead of Donabed's personal stationery. There is no indication on the bills that payment should be made to Donabed or that the bill was submitted by Donabed instead of the law office of DiMasi, Donabed & Karll. While the committee on professional ethics of the Massachusetts Bar Association has declined to rule whether the use of the term "professional association" to describe lawyers who are not partners, but share

office space, is deceptive, it has stated that the term is ambiguous and may well imply a partnership arrangement. Massachusetts Bar Assn. Comm. on Professional Ethics, Op. 85-2 (1985). While this opinion has no binding effect on the liability of the defendants to the plaintiffs, see *Fishman* v. *Brooks*, 396 Mass. 643, 649 (1986), it buttresses our view that the use of the term "professional association" may well suggest a partnership to the public which is unlikely to distinguish among partnerships, professional corporations, and professional associations. At the very least, the use of the term in the circumstances of this case presents a question of fact as to whether a partnership by estoppel exists. See *Johnson* v. *Shaines & McEachern, P.A.*, 835 F. Supp. 685, 690 (D.N.H. 1993)(material issue of fact as to whether partnership relationship existed between New Hampshire and Massachusetts law firms described as G & M Law Group precluded summary judgment for Massachusetts law firm). Accordingly, we hold summary judgment should not have been granted.

We comment briefly on one other issue raised in this appeal which was not raised in the trial court because of the procedural posture of this case. As noted above, after summary judgments were entered for the defendants in this action, the plaintiff settled his claim against Donabed and issued a release discharging him from all liability growing out of his legal representation but excepted from the provisions of that release its claims against the defendants in this action.[4] The defendants now argue that this appeal should be dismissed because the plaintiff is barred as matter of law by the terms of that release from pursuing this action against the defendants. Ordinarily, a party is not entitled to present an argument on appeal on an issue not presented in the court below. *Cruz* v. *Commissioner of Pub. Welfare*, 395 Mass. 107, 111-112 (1985). There are, however, exceptional circumstances which will prompt a reviewing court to examine the issue. *Albert* v. *Municipal Court of Boston*, 388 Mass.

---

[4]The terms of the release are not contested by the parties and have been set forth in a supplemental appendix filed with the court. See note 3, *supra*.

491, 494 (1983). In this case, where the defendants would not have had the opportunity to present the issue to the court below and where the issue is one of law which has been fully briefed and argued on appeal by the parties, we believe the interests of judicial economy warrant our consideration of the issue. *Geehan* v. *Trawler Arlington, Inc.*, 371 Mass. 815, 817 (1977).

The defendants argue that since any liability they may have to the plaintiff is vicarious, the release of the responsible tortfeasor, Donabed, discharges them from liability. They base their argument upon the holdings of *Elias* v. *Unisys Corp.*, 410 Mass. 479 (1991), and *Richmond* v. *Schuster Exp., Inc.*, 16 Mass. App. Ct. 989 (1983). In *Elias* v. *Unisys*, 410 Mass. at 484, the Supreme Judicial Court held that a principal is discharged from liability based solely on the principle of respondeat superior when a plaintiff executes a general release of the agent. In *Richmond* v. *Schuster Exp., Inc.*, 16 Mass. App. Ct. at 990, we reached a similar result even though the release in that case reserved to the plaintiff his rights against "any and all persons other than [the responsible tortfeasor] and [his insurance company]." We held that this clause was ineffective to preserve the plaintiff's rights against the responsible tortfeasor's employer because of another provision in the release which precluded the plaintiff from bringing any action for damages arising out of the motor vehicle collision. We were of the opinion that allowing the suit against the employer would result in a circuity of action because the employer could then proceed against the employee for indemnification since the employer's liability was based on a derivative action.

We do not consider those cases dispositive of the outcome of this case because of the very specific language in the release which reserves claims against the defendants. While we are mindful of the unfairness of imposing liability on a blameless party when the party at fault has been released, and the problem presented by the potential circuity of action, we are constrained to follow what appears to be still the law of this Commonwealth that a covenant not to sue or release

will not discharge a vicariously liable party if the covenant contains an express reservation of rights against that party. *Karcher* v. *Burbank*, 303 Mass. 303, 308 (1939). We find nothing in *Elias* v. *Unisys, supra,* or *Richmond* v. *Schuster Exp., Inc., supra,* which involved releases which did not contain an express reservation of rights clause against named parties, to indicate that this rule has been changed. There is a split of authority among other jurisdictions that have considered the issue. See Annot., Release of, or Covenant Not to Sue, One Primarily Liable for Tort, but Expressly Reserving Rights Against One Secondarily Liable, as Bar to Recovery Against Latter, 24 A.L.R. 4th 547 (1983), for a collection of cases. The basis for the rule allowing a reservation against a party derivatively or vicariously liable, appears to be that the law should encourage settlements, the terms of which should be controlled by the intent of the parties. *Karcher* v. *Burbank,* 303 Mass. at 308-309. See, e.g., *Knutson* v. *Morton Foods, Inc.,* 603 S.W.2d 805, 808 (Tex. 1980); *Swanigan* v. *State Farm Ins. Co.,* 99 Wis.2d 179, 201-202 (1980). See also Restatement of Torts § 885(1) & comment c (1979). In sum, we do not deem the action barred by the release.

Accordingly, the defendants' motions to dismiss the appeals are denied, the judgments entered for the defendants are reversed, and the case is remanded to the Superior Court for further proceedings.

*So ordered.*