Rup, J.
On June 1, 1994, Richard C. Simone and Linda Simone brought suit against Paul H. Merry, Esq., W. Arthur Garrity III, Esq. and Jonathan Levin, Esq. for negligence and intentional infliction of emotional distress. These claims arise from the defendant Merry’s representation of the plaintiffs in a United States Bankruptcy proceeding. The defendants now move to dismiss the plaintiffs’ complaint pursuant to Mass.R.Civ.P. 12(b)(6).
At the initial hearing it became apparent that the motion to dismiss should more properly have been one for summary judgment. The parties were then afforded an opportunity to present material pertinent to a summary judgment motion. For the reasons set forth below, the defendants’ motion to dismiss, which is treated as a motion for summary judgment, is denied.
BACKGROUND
In 1991, the defendant Merry agreed to represent the plaintiffs in an adversary proceeding in the United States Bankruptcy Court on a contingency basis. The plaintiffs brought suit against Worcester County Institute for Savings, seeking damages for misrepresentation and other unfair and defective acts and practices committed during the foreclosure sale of the plaintiffs’ former two-family home. After trial the bankruptcy judge found that the bank acted in a commercially reasonable fashion and dismissed the case. The plaintiffs allege that while defendant Merry zealously pursued the case from June 1991 through May 8, 1992, he negligently handled the case thereafter.
DISCUSSION
Summaiy judgment shall be' granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessou. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis u. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde u. Eissner, 405 Mass. 207, 209 (1989).
*157 1.Are the Plaintiffs’ Claims the Property of the Estate?
In the related bankruptcy proceeding, the plaintiffs brought claims against the Worcester County Institute for Savings on behalf of the estate. In the present case, the plaintiffs seek relief for themselves, not the estate. The defendants argue that claims alleging negligence or injury from a lawyer’s handling of a bankruptcy petition and the lawyer’s efforts to produce increased assets for the debtor’s estate belong to the estate and therefore can only be brought by the bankruptcy trustee.
A debtor’s legal or equitable interests in property as of the commencement of a bankruptcy case become property of the bankruptcy estate. In re Dow, 132 B.R. 853, 859 (Bkrtcy. S.D. Ohio 1991) (quoting 11 U.S.C. §541(a)(l)). The bankruptcy estate’s property includes causes of action existing at the time of commencement of the bankruptcy action. Id. (cases omitted).
As debtors, the plaintiffs have standing to litigate the “ownership” of the malpractice and intentional infliction of emotional distress claims. In reEllwanger, 140 B.R. 891, 896 (Bkrtcy. W.D. Wash. 1992). In that regard, the issue is whether those claims, which arise out of the bankruptcy proceeding, are property of the estate.
Where, as here, the plaintiffs’ claims allege conduct by the defendants after commencement of the bankruptcy case and the elements of the claims were not in existence at the time of bankruptcy filing, these claims are the property of the plaintiffs and not the bankruptcy estate. See In re Dow, supra at 860.
2.Doctrine of Partnership by Estoppel Issue
In addition to bringing claims against Merry, the plaintiffs seek recovery against Garrity and Levin, owners of the firm by which Merry is employed. The issue to be decided is whether, under the doctrine of partnership by estoppel, Garrity and Levin are liable to the same extent as Merry.
The common law doctrine of partnership by estoppel is codified in M.G.L.c. 108A, § 16 “(T]o prevail under this doctrine, a plaintiff must prove: (1) that the would-be partner has held himself out as a partner; (2) that such holding out was done by the defendant directly or with his consent; (3) that the plaintiff has knowledge of such holding out; and (4) that the plaintiff relied on the ostensible partnership to his prejudice.” Brown v. Gerstein, 17 Mass.App.Ct. 558, 571 (1984), citing Standard Oil Co. v. Henderson, 265 Mass. 322, 326 (1928).
Whether partnership by estoppel exists is ordinarily a question of fact. Atlas Tack Corp. v. DiMasi, 37 Mass.App.Ct. 66, 68 (1994), citingMersick v. Bilqfsky, 205 Mass. 488, 492 (1910).
At issue is whether Garrity and Levin held themselves out as partners of Merry and whether they consented to the holding out. In Brown v. Gerstein, supra at 572, the court noted “that the use of a person’s name in a business, even with that person’s knowledge, is too slender a thread to warrant a favorable finding on the consent element.” In this case, however, materials submitted by the parties indicate that correspondence the plaintiffs received from Merry bore the letterhead of Garrity and Levin. Additionally, the stationery contained a roll of attorneys (including Garriiy and Levin) in the margin, and Merry’s name, which was not included in the letterhead title, appeared in that margin. Moreover, the words, “Sincerely yours, Garrity & Levin,” appeared at the close of the letter and Merry's name and signature followed. See Atlas Tack Corp. v. DiMasi, 37 Mass.App.Ct. 66, 69 (1994). These facts, in addition to the allegations of the plaintiffs, present a question of fact as to whether a partnership by estoppel exists. Accordingly, summary judgment will be denied on that issue.
3.Negligence
Summary judgment is seldom appropriate in negligence actions, Manning v. Nobile, 411 Mass. 382, 388 (1991), quoting Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991), because the question of negligence is usually one of fact. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983).
In a legal malpractice case, the plaintiff must prove: (1) the attorney’s negligence; (2) the loss the plaintiff suffered; and (3) the causal connection between the negligence and the loss. Joseph R. Nolan and Laurie J. Sartorio, Tort Law §259, at 433 (1989). Here, the plaintiffs argue they suffered loss as a result of Merry’s negligence in handling their case against Worcester County Institute for Savings. They allege Merry failed to depose a witness, failed to sequester witnesses, suppressed evidence from trial, allowed Linda Simone to be sequestered and took part in a secret meeting with opposing counsel and opposing witnesses during a trial recess. Because genuine issues of material fact exist on the question of Merry’s negligence, summary judgment is denied.
4.Intentional Infliction of Emotional Distress
In cases where motive, intent or other state of mind questions are at issue, summary judgment is generally disfavored. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Mulford v. Mangano, 35 Mass.App.Ct. 800, 804 (1994).
To prevail on their claim of intentional infliction of emotional distress the plaintiffs must show: (1) the defendants intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of their conduct; (2) the defendants’ conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community; (3) the actions of the defendants were the cause of the plaintiffs’ dis *158 tress; and (4) the plaintiffs’ emotional distress was severe and of a nature that no reasonable person could be expected to endure. Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976). Where, as here, the intent of the defendants, the nature of their conduct and the severity of any emotional distress suffered by the plaintiffs are in dispute, summary judgment is inappropriate.
ORDER
For the foregoing reasons, it is ORDERED that the motion to dismiss of Paul H. Merry, Esq., W. Arthur Garrity III, Esq., and Jonathan Levin, Esq. which is treated as a motion for summary judgment, be DENIED.