MARIA ELIAS & another[1] *vs.* UNISYS CORPORATION.

Hampden. May 8, 1991. - June 25, 1991.

Present: LIACOS. C.J., WILKINS. ABRAMS. O'CONNOR, & GREANEY, JJ.

*Joint Tortfeasors. Contribution. Indemnity. Negligence*, Motor vehicle. *Agency*, Agent's liability to third person. *Release.*

General Laws c. 231B, § 4, providing that the release of one joint tortfeasor from liability does not release other tortfeasors, did not, by its express terms, apply to a case in which the plaintiffs sought to maintain an action against an employer, based solely on the employer's vicarious liability for its employee's acts, after the plaintiffs had settled their claims with the employee by executing a general release of the employee and dismissing their action against him; moreover, this court declined to invoke common law decision-making to apply the principles stated in the statute to treat the employer and its employee like joint tortfeasors, so as to permit the plaintiffs to maintain an action against the employer after having released its employee from liability. [480-484]

CIVIL ACTION commenced in the Superior Court Department on November 19, 1987.

The case was heard by *John F. Murphy, Jr.*, J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Katherine L. Lamondia* for the plaintiffs.

*Patricia A. Bobba* for the defendant.

GREANEY, J. On December 13, 1984, the plaintiff, Maria Elias, was involved in an automobile accident with a vehicle driven by an employee of the defendant, Unisys Corporation (Unisys). The plaintiffs, Maria and her husband, Joseph Elias, commenced an action in the Superior Court against

---

[1]Her husband, Joseph Elias.

the employee alleging that he had operated the vehicle negligently. Maria sought damages for her personal injuries, and Joseph sought damages for the loss of his wife's consortium. The complaint was amended to add Unisys as a defendant on the theory of respondeat superior. The plaintiffs then settled their claims with the employee, executing a general release of the employee and dismissing their action against him.

Subsequently, Unisys moved for summary judgment under Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974), on the ground that the general and unqualified release given by the plaintiffs to its employee precluded any further action against Unisys based on the theory of respondeat superior. A judge of the Superior Court agreed with Unisys and allowed its motion for summary judgment. The plaintiffs appealed, and we transferred the case to this court on our own motion. We affirm the judgment.

The plaintiffs argue that we should apply the provisions of G. L. c. 231B (1988 ed.), the contribution among joint tortfeasors statute, to this case. In particular, they urge that we apply § 4 of the statute, which provides that the release of one joint tortfeasor from liability does not release other joint tortfeasors.[2] Even if the statute does not apply by its terms, the plaintiffs also argue that the policies and principles behind G. L. c. 231B militate in favor of allowing them to maintain their action against Unisys in order to arrive at a more equitable result. We reject both arguments.

The statute relied on by the plaintiffs applies only to joint tortfeasors, those "jointly liable in tort" for an injury. See G. L. c. 231B, § 1 (*a*), (*b*). We have defined joint tortfeasors as "two or more wrongdoers [who] negligently contribute to

---

[2]General Laws c. 231B, § 4, reads as follows: "When a release or covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury: (*a*) It shall not discharge any of the other tortfeasors from liability for the injury unless its terms so provide; but it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and (*b*) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

the personal injury of another by their several acts."
*O'Connor* v. *Raymark Indus., Inc.*, 401 Mass. 586, 591
(1988), quoting *Chase* v. *Roy*, 363 Mass. 402, 408 (1973).
The plaintiffs acknowledge that Unisys, whose liability is
based solely on the theory of respondeat superior, is not a
joint tortfeasor with its employee.[3] See *Kabatchnick* v. *Hano-
ver-Elm Bldg. Corp.*, 331 Mass. 366, 369 (1954). It follows
that the statute, by its express terms, does not apply to the
case.

The plaintiffs urge, however, that we invoke common law
decision-making to apply the principles stated in the statute
to their situation. They claim essentially that Unisys and its
negligent employee should be treated like joint tortfeasors,
thus permitting the plaintiffs, under a rule like that stated in
§ 4, to maintain an action against Unisys after having re-
leased its employee from liability. Because the principles of
joint liability which underlie the statute are distinct from the
principles of vicarious liability, we decline to extend the stat-
ute in the manner requested by the plaintiffs.

Underlying the concept of joint liability is the principle
that all joint (or concurrent) tortfeasors are independently *at
fault* for their wrongful acts. For this reason § 4 of G. L.
c. 231B permits a plaintiff to bring an action against one
joint tortfeasor after having released another joint tortfeasor
from liability. By contrast, the principles of vicarious liability
apply where only the agent has committed a wrongful act.
The principal is *without fault*. The liability of the principal
arises simply by the operation of law and is only derivative of
the wrongful act of the agent. See *Karcher* v. *Burbank*, 303

---

[3]The two decisions which the plaintiffs argue applied the rules governing
joint tortfeasors to respondeat superior situations did not do so. In *Horgan*
v. *Boston Elevated Ry.*, 208 Mass. 287 (1911), the term "tort being joint"
was not used to describe the relationship between the acts of the agent and
the liability of the principal, but only to describe the relationship between
the actions of the principal's police officer and the principal's other em-
ployee. See *id.* at 290. *Stevens* v. *Hathorne*, 12 Allen 402 (1866), held
merely that it was not clear whether the release of an employee from lia-
bility was valid. See *id.* at 403-404. The court did not reach the issue of
the employer's liability.

Mass. 303, 305 (1939); W.L. Prosser & W.P. Keeton, Torts § 82, at 593 (5th ed. 1984). Because of this, established case law holds that a general release given to an agent will preclude a subsequent action against his principal. See *Karcher* v. *Burbank, supra* at 308; *Richmond* v. *Schuster Express, Inc.*, 16 Mass. App. Ct. 989 (1983). See also J. Nolan & L. Sartorio, Tort Law § 438 (2d ed. 1989). In asking us to change this rule of law, the plaintiffs would have us ignore the basic and significant distinctions between vicarious and joint liability and hold Unisys directly responsible for acts for which it is blameless.

The principles of contribution and indemnity are designed to give effect to these differences between joint and vicarious liability. Under G. L. c. 231B, contribution is allowed between joint tortfeasors who cause another, by reason of their wrongdoing, to incur injury or damage. In addition, as has been mentioned above, the statute permits a plaintiff to settle with one joint tortfeasor and still have recourse against remaining tortfeasors (subject to the limitations stated in the statute). The right to contribution, unlike the right to indemnity, is based on the shared fault of the joint tortfeasors. Indemnity, on the other hand, allows someone who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of his loss, including reasonable attorney's fees. This rule has long been part of our common law, see *Kabatchnick* v. *Hanover-Elm Bldg. Corp., supra* at 369; *Westfield* v. *Mayo*, 122 Mass. 100, 105 (1877); *Gray* v. *Boston Gaslight Co.*, 114 Mass. 149, 154 (1873), and permits someone like Unisys, who is blameless, to be reimbursed for damages caused by the wrongful act of its employee. The fact that the doctrines of contribution and indemnity are separate for both conceptual and practical reasons is carefully preserved by G. L. c. 231B, § 1 (*e*), which provides that "[t]his chapter shall not impair any right of indemnity under existing law."

Consistent with the distinctions discussed above, the doctrines of contribution and indemnity also address different

needs. Those needs have been expressed by the court in *Mamalis* v. *Atlas Van Lines, Inc.*, 364 Pa. Super. 360, 365-366 (1987), aff'd, 522 Pa. 214 (1989), as follows: "The rules of vicarious liability respond to a specific need in the law of torts: how to fully compensate an injury caused by the act of a single tortfeasor. Upon a showing of agency, vicarious liability increases the likelihood that an injury will be compensated, by providing two funds from which a plaintiff may recover. If the ultimately responsible agent is unavailable or lacks the ability to pay, the innocent victim has recourse against the principal. If the agent is available or has means to pay, invocation of the doctrine is unnecessary because the injured party has a fund from which to recover.

"The system of contribution among joint tortfeasors, of which the [statute's] apportionment rules are a key component, has arisen completely apart from the system of vicarious liability and indemnity and meets an entirely distinct problem: how to compensate an injury inflicted by the acts of more than one tortfeasor. Unlike the liability of a principal, the liability of a joint tortfeasor is direct (because the tortfeasor actually contributed to the plaintiff's injury) and divisible (since the conduct of at least one other also contributed to the injury)." The outcome sought by the plaintiffs would tend to obliterate the distinctions discussed above and unsettle principles of well-established law.

The plaintiffs argue that the distinctions between joint and vicarious liability are matters of form only, and that allowing an injured party to pursue a principal after having given a release to its agent would be more fair to the agent and would encourage settlements. This does not follow. An agent who might be inclined to settle with a plaintiff would not necessarily terminate litigation or buy peace with a settlement. As has been discussed above, the statute does not impair any rights to indemnification, see G. L. c. 231B, § 1 (*e*), and the agent would still remain liable to indemnify his principal for any further amount the principal might be compelled to pay to the plaintiff. See *Kabatchnick* v. *Hanover-*

*Elm Bldg. Corp.*, *supra* at 369; *Richmond* v. *Schuster Express, Inc.*, *supra.*

The plaintiffs have not provided us with any persuasive reason to alter the rules of indemnity in cases of liability through respondeat superior. To reduce or to eliminate the principal's right to full indemnity would be unfair to a party such as Unisys, punishing it despite its lack of fault. This result would be accomplished through placing a blameless party (whose liability is purely vicarious) in the same class as someone whose responsibility is based on active wrongdoing, and subjecting the blameless party to principles of liability that have never been meant to apply to it. The present law, that the release of an agent precludes a claim against his principal who is liable solely on the theory of respondeat superior, causes no unfairness to a plaintiff who has claims against both.

*Judgment affirmed.*