23 F.3d 395
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
David J. YEADON, Plaintiff, Appellant,
v.
PIZZA HUT OF AMERICA, INC., Defendant, Appellee.
 No. 94-1125
 United States Court of Appeals,
First Circuit.
 May 5, 1994.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Frank H. Freedman, Senior U.S. District Judge ]
 Dennis P. Powers, Katz, Argenio & Powers on brief for appellant.
 Thomas M. Elcock, Debra A. Joyce, Carole Sakowski Lynch and Morrison, Mahoney & Miller on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant David Yeadon appeals the grant of a motion for summary judgment in favor of appellee, Pizza Hut, in regard to Yeadon's claim that Pizza Hut was vicariously liable for damages incurred by him in an accident caused by Dwight Spaulding, an employee of Pizza Hut. This diversity action is governed by Massachusetts law. We summarily affirm.
 
 
 2
 * In April 1990, Yeadon was injured in an automobile accident when a vehicle driven by Spaulding collided with Yeadon's car. At the time of the accident, Spaulding was acting within the scope of his employment with Pizza Hut. In March 1991, Yeadon, in return for a payment of $15,000 from Spaulding's insurance carrier, Arbella Mutual Insurance Company, executed a release which reads as follows:
 
 
 3
 In consideration of FIFTEEN THOUSAND ($15,000.00) dollars to be paid by ARBELLA MUTUAL INSURANCE CO. the receipt whereof is hereby acknowledged I hereby remise, release and forever discharge the said Arbella Mutual and Dwight J. Spaulding of and from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, both in LAW and in EQUITY, which against the said Dwight J. Spaulding or his heirs and assigns I now have or ever had from the beginning of the world to this date and more especially on account of [an] automobile accident on April 11, 1990. The undersigned specifically reserves all rights as against Pizza Hut and Dwight J. Spaulding as its agent.
 
 
 4
 The release was signed by Yeadon and witnessed by his attorney.
 
 
 5
 In March 1993, Yeadon brought suit against Pizza Hut, on the ground that it was vicariously liable for the damages from the accident. The district court found that Yeadon had released Spaulding from all liability and that under Massachusetts law the release of an agent precluded a derivative claim against the principal. The court therefore granted Pizza Hut's motion for summary judgment.
 
 II
 
 6
 Yeadon raises two arguments on appeal. First, he argues that the district court erred in interpreting the March 1991 contract as an unambiguous release of Spaulding from all liability. Second, he contends that, even if the contract is so interpreted, Massachusetts law does not bar a claim in his case.
 
 
 7
 Yeadon asserts that his intent in the March 1991 contract was to grant an absolute release to Arbella but to grant only a qualified release to Spaulding and to preserve a complete right of action against Pizza Hut. He relies primarily upon the explicit language of the release to the effect that he "specifically reserves all rights as against Pizza Hut and Dwight J. Spaulding as its agent." He also seeks to support his interpretation by reference to circumstances surrounding the agreement. Since, in spite of the language referred to by appellant, we find the release to be "unambiguous in regard to the question at hand," Hermes Automation Technology, Co. v. Hyundai Electronics Industries, Co., 915 F.2d 739, 747 (1st Cir. 1990) (citing cases), i.e., its grant of a complete release to Spaulding, we eschew reliance on external evidence and limit our consideration to the plain meaning of the language of the contract, see Commercial Union Ins Co. v. Walbrook Ins. Co., 7 F.3d 1047, 1052-53 (1st Cir. 1993) (applying Massachusetts law).
 
 
 8
 With the exception of the last sentence, the March 1991 contract is a standard preprinted release form filled in with the information relevant to the accident of April 11, 1990. The form is entitled as a "Release from All Demand" and its language grants a complete release from all liability for the accident to "Arbella Mutual and Dwight J. Spaulding." (emphasis added). The only possible qualification to this unqualified release is the last sentence of the contract which purports to "reserve all rights as against Pizza Hut and Dwight J. Spaulding as its agent." Unless this sentence can be read as a retraction of the release granted immediately above, it must mean that appellant intended to preserve his right of action against Pizza Hut and to reserve a right against Spaulding only as a means for reaching Pizza Hut. However, if Pizza Hut were to be found vicariously liable for any damages to Yeadon due to the actions of "Spaulding as its agent," Pizza Hut would have a right to seek indemnity from Spaulding. See Elias v. Unisys Corp., 410 Mass. 479, 483, 573 N.E.2d 946, 949 (1991). The effect of the reference to Spaulding in the final sentence then would be to subject him to liability for the damages from which the contract purports to release him. Spaulding, therefore, would have paid, through his insurer, $15,000 compensation without having acquired complete protection from further liability. Rather than reading the last sentence as a negation of the complete release plainly granted Spaulding in the remainder of the document, we find that, read in the light of the contract as a whole, see Cullen Enterprises, Inc. v. Massachusetts Property Ins. Underwriting Ass'n, 399 Mass. 886, 900, 507 N.E.2d 717, 725 (1987) ("contract must be interpreted as a whole to give effect to its general purpose"), the last sentence preserves a right only against Pizza Hut and has no effect on the release of Spaulding from further liability.
 
 
 9
 Interpreting the contract as an unqualified release of Spaulding from all liability stemming from the April 1990 accident, we further find that Massachusetts law bars recovery against Pizza Hut. In facts analogous to those of this case, the Supreme Judicial Court held that "the release of an agent precludes a claim against his principal who is liable solely on the theory of respondeat superior." Elias, 410 Mass. at 484, 573 N.E.2d at 949. Yeadon attempts to distinguish Elias first on the ground that in Elias the plaintiff had granted the agent a general release whereas Yeadon explicitly reserved his right against Pizza Hut. This argument is unavailing since, according to Elias, the release of Spaulding barred, as a matter of law, any claim against Pizza Hut. Therefore, the attempt by Yeadon to reserve his rights against Pizza Hut was legally meaningless.
 
 
 10
 Yeadon also asserts that the "essence" of Elias is that an injured party be "fully compensate[d for] an injury caused by the act of a single tortfeasor." Id. at 483, 573 N.E.2d at 948 (citation omitted). Inasmuch as Yeadon now alleges that he did not receive full compensation for his injuries from Spaulding, he claims that Elias allows him to seek further compensation directly from Pizza Hut.
 
 
 11
 According to the rules of vicarious liability, "[i]f the ultimately responsible agent is unavailable or lacks the ability to pay, the innocent victim has recourse against the principal." Id. However, in the instant case, Spaulding, through his insurer, had the ability to pay $15,000 which Yeadon accepted as the price of a release. According to Elias, in a situation where "the agent ... has means to pay, invocation of the doctrine [of vicarious liability] is unnecessary because the injured party has a fund from which to recover." Id. We find nothing in Elias, nor has Yeadon called our attention to anything, which would limit the effect of an agent's release to situations where the plaintiff concedes after the fact to having been "fully compensated." Having granted Spaulding a release in consideration of $15,000 compensation, Yeadon has no recourse under Massachusetts law against Pizza Hut in the circumstances at bar.[1]
 
 
 12
 Affirmed. See 1st Cir. Loc. R. 27.1.
 
 
 
 [1]
 Of course, this does not mean that the reservation of rights was a nullity or otherwise illusory. It sufficed to preserve claims against Pizza Hut for direct (as opposed to vicarious) liability, e.g., if Pizza Hut had furnished Spaulding with a defective vehicle, and the defect contributed to the occurrence of the accident. By like token, the reservation sufficed to preserve claims against Pizza Hut arising out of different accidents or occurrences (not involving Spaulding)