Fremont-Smith, J.
BACKGROUND
On or about January 18, 1991, the Shawmut Bank, NA. (hereinafter “the Bank”) brought an action against the defendant, Richard Merriam, Jr., and Joseph Crescio as Trustee, alleging breach of contract for Richard Merriam’s failure to pay on a promissory note. The Bank further alleged that Richard Merriam, Jr. and Joseph Crescio (as Trustee) engaged in a series of fraudulent conveyances of Richard and Judith Merriam’s marital home located at 291 Andover Street, Danvers, MA This action was filed in the Boston Municipal Court.
An Agreement for Judgment in favor of the Bank, in the amount of $37,591.85, was later filed in Boston Municipal Court, which then issued an execution against Richard Merriam, Jr.
Unable to collect on its execution, the Bank then filed the present action in the Suffolk Superior Court on December 6, 1991 alleging that Richard Merriam, Judith Merriam, Joseph Crescio and Carolyn Crescio fraudulently conveyed the Merriams’ marital home located at 291 Andover Street, Danvers, MA in order to hinder, delay and prevent the Bank from collecting the money it was owed.
On August 24, 1992, the defendant Richard and Judith Merriam filed a third-party action against Attorney Kevin Carney and Attorney Elliot Mishara alleging the right to contribution and the right to indemnification based upon the attorneys’ alleged wrongful conduct in their representation of the Merriams. Subsequently, the Merriams settled their case against Attorney Elliot Mishara, but did not dismiss their third-party action against Attorney Carney.
Subsequently, the Merriams moved to amend their third-party complaint to add direct claims of negligence and malpractice against Carney, which this court (Barrett, J.) denied on June 11, 1993. In June 1993, the case was tried after the third-party action had been bifurcated from the Bank’s action, and, on July 23, 1993, this court (Barrett, J.) issued its findings, rulings, and judgment, wherein the court specifically found that Merriams had engaged in:
a scheme or conspiracy, the intended purpose of which, was to cause the property located at 291 Andover Street, Danvers, MA to be concealed from the creditors of the Merriams and to prevent the creditors from gaining satisfaction of the Merriams’ indebtedness, by reaching the property in question.
DISCUSSION
The third-party complaint alleges only “derivative” claims of indemnity and contribution against Carney. Under the doctrine of common law indemnity, however, only a person who is blameless has such a cause of action. Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). Here, however, the Merriams were found, after trial, to have engaged in a scheme or conspiracy to defraud creditors, and, as they were found not to be blameless, they can have no cause of action for indemnity against Carney.
An action for contribution may be brought by one joint tortfeasors against another. Elios, supra at 482; G.L.c. 231B, §1. The language of c. 23 IB requires, however, that the potential contributor be directly liable to the plaintiff. Liberty Mutual Ins. Co. v. Westerlind, 371 Mass. 524, 526 (1978). Thus, for the Merriams to have a contribution claim against Carney, there would have to be a basis upon which Carney could be found to be directly liable to Shawmut. Id. Attorneys in Massachusetts, however, owe no duty to non-clients, except in situations where an attorney should have known that the plaintiff would rely on his services. Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524 (1989). As there is no basis upon which the Merriams could credibly contend that Shawmut was in any way relying on the services of Carney, or was otherwise owed any duty by Carney, the Merriams have no cause of action for contribution against him.
Nor is there any reason for this court to revisit Judge Barrett’s denial in June 1993, of plaintiffs motion to amend the third-party complaint to add counts for negligence and malpractice. Not only has the time to amend pleadings in this 1991 case long gone by, but Judge Barrett’s findings of fact made after trial[1] indicate that the plaintiffs were warned by Carney of the possible consequences of their conduct, but insisted on proceeding in an illegal manner despite his advice. Accordingly, any amendment of the third-party complaint would be both untimely and futile.
*190 ORDER
For the foregoing reasons, the motion of third-party defendant Kevin F. Carney for summary judgment is ALLOWED. As there is no just reason for delay, final judgment is entered for the third-party defendant Kevin F. Carney.

 See “Findings, rulings and orders,” dated July 23, 1993, paras. 6-8 and 15-22.