Gershengorn, J.
FINDINGS OF FACT
Plaintiffs John and Barbara Zabilansky filed suit against the defendants alleging that they sustained personal injuries, property damage, and other financial loss from exposure to X-100 interior grade wood sealant manufactured by ABRP, distributed by BRS, and sprayed in their home by BCB Painting. Count I of the complaint alleged that the defendants breached the implied warranty of merchantability and Count II alleged that defendants breached an express warranty that X-100 was safe for interior use. Count III alleged that ABRP was negligent in the manufacture, marketing and distribution of X-100; that BRS was negligent in marketing, distributing and recommending X-100; and that BCB Painting was negligent in recommending X-100 for use in the Zabilansky home and in applying the sealant. Count IV of the complaint alleged that the defendants committed unfair and deceptive practices in violation of Chapter 93A. Count V alleged that ABRP negligently or intentionally misrepresented the con *387 tents and usage of X-100. Finally, Count VI alleged loss of consortium by Barbara Zabilansky.
BCB Painting filed a cross claim against ABRP and BRS for contribution and indemnification. Count II of the cross claim asserted that if BCB were found liable to the plaintiffs, it was entitled to indemnification from ABRP because its liability was merely derivative of ABRP’s negligence, and Count III asserted that BCB was entitled to indemnification from ABRP because its liability was due solely to ABRP’s breaches of express and implied warranties. Count V of the cross claim asserted that if BCB were found liable to the plaintiffs, it was entitled to indemnification from BRS because its liability was merely derivative of BRS’s negligence, and Count VI asserted that BCB was entitled to indemnification from BRS because its liability was due solely to BRS’s breaches of express and implied warranties.
At the close of the evidence at trial, this Court (Gershengorn, J.) directed a verdict for BCB Painting on Count I of the complaint alleging breach of implied warranty; directed a verdict for ABRP on Count II of the complaint alleging breach of express warranty and Count V alleging misrepresentation; and directed a verdict for all defendants on Barbara Zabilansky’s claims other than the claim for loss of consortium.
In special questions returned on June 25,2004, the juiy found that ABRP and BRS did not breach the implied warranty of merchantability and that ABRP and BCB Painting were not negligent. The jury further found that BRS was 25% negligent, but that John Zabilansky was 75% negligent. The jury found that BRS breached an express warranty and awarded John Zabilansky $8,145.53 in damages. Finally, the juiy found that Barbara Zabilansky did not suffer a loss of consortium.
DISCUSSION
BCB contends that it is entitled to indemnification from ABRP and BRS because it was forced to defend itself against claims that the X-100 manufactured by ABRP and distributed by BRS was a defective product. Under Massachusetts law, a contract-based right to indemnification exists if there is a binding contract between indemnitor and indemnitee in which such right is expressed or from which it fairly can be implied. H.P. Hood & Sons, Inc. v. Ford Motor Co., 370 Mass. 69, 76-77 (1976); Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626, 628 (1991), rev. den., 412 Mass. 1102 (1992). Here, the contract between BCB and BRS stated merely that BRS would sell, and BCB would purchase, ABRP products, including the X-100 sealant. The contract contained no express indemnity language.
Absent an express indemnity provision, the court may recognize an implied right to indemnity only when there are unique special factors surrounding the contractual relationship which indicate an intention by one party to indemnify another. Fall River Housing Auth. v. H.V. Collins Co., 414 Mass. 10, 14 (1992); Decker v. Black & Decker Manuf. Co., 389 Masss. 35, 38-39 (1983). The terms of the express contract must therefore contemplate indemnification. Larkin v. Ralph O. Porter, Inc., 405 Mass. 179, 184 (1989). See, e.g., Monadnock Display Fireworks, Inc. v. Andover, 388 Mass. 153, 157-58 (1983). A sales agreement alone is not a sufficient basis on which to imply a contractual obligation between seller and purchaser to indemnify for injuries caused by use of the product. See Decker v. Black & Decker Manuf. Co., 389 Mass. at 38-39; Araujo v. Woods Hole, Martha’s Vineyard, Nantucket SS Auth., 693 F.2d 1, 3 (1st Cir. 1982). There is nothing in the contract here or the relationship between BCB and BRS that gives rise to an implied right of indemnity.
Nonetheless, BCB contends that it is entitled to indemnity based in tort. A party who is without fault but compelled by operation of law to defend himself against the wrongful act of another may recover from the wrongdoer the entire amount of his loss, including reasonable attorneys fees. Santos v. Chrysler Corp., 430 Mass. 198, 217 (1999); Elias v. Unisys Corp., 410 Mass. 479, 482 (1991); Decker v. Black & Decker Manuf. Co., 389 Mass. at 40. However, indemnity is permitted only when the would-be indemnitee is blameless, did not contribute to the plaintiffs injury, “defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own.” Decker v. Black & Decker Manuf. Co., 389 Mass. at 40. See also Elias v. Unisys Corp., 410 Mass. at 482-83. Tort-based indemnification is therefore limited to situations where the indemnitee is only vicariously or technically liable and did not commit acts or omissions which proximatefy caused the plaintiffs injury. Decker v. Black & Decker Manuf. Co., 389 Mass. at 40.
Accordingly, one such as a seller or distributor who has acted merely as a conduit for a product and has not altered it or otherwise acted in a manner that contributed to a third party’s injuries may normally sue the manufacturer of a defective product for indemnification. Wolfe v. Ford Motor Co., 386 Mass. 95, 101 (1982). Cf. Mitchell v. The Stop & Shop Co., Inc., 41 Mass.App.Ct. 521, 523 (1996). In this case, however, BCB defended not only against claims that the X-100 sealant was defective but also against claims that it was independently negligent in recommending X-100 for interior use and in applying the sealant to the Zabilansky home. Because BCB’s alleged liability was not merely vicarious or derivative, it did not defend solely and exclusively the wrongful acts of ABRP or BRS, and it is not entitled to indemnification.
Finally, BCB is not entitled to indemnify from ABRP because ABRP was absolved of all liability by the jury. Indemnity is based on the concept of restitution: that one party is unjustly enriched at the expense of an *388 other when the other discharges liability that should be the first party’s responsibility to pay. Oates v. Diamond Shamrock Corp., 23 Mass.App.Ct. 446, 448, rev. den., 399 Mass. 1104 (1987). Where a manufacturer is absolved of liability for injuries caused by an allegedly defective product, the retailer is not entitled to indemnity because it did not discharge a liability which the manufacturer had the responsibility to pay, and the manufacturer was not unjustly enriched. Id. at 448-49. Accordingly, BCB is not entitled to indemnity from ABRP. This Court is sympathetic to the argument that because BCB made a significant contribution to the defense of ABRP’s product, through expert testimony and otherwise, it is unfair to require BCB to bear its own costs. However, this Court declines BCB’s invitation to declare a change in the existing law.
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment enter for ABRP on Counts II and III of BCB Painting’s cross claim. It is further ORDERED that judgment enter for BRS on Counts V and VI of the cross claim.