MacLeod-Mancuso, Bonnie H., J.

INTRODUCTION

The plaintiffs, Jorge and Marcia Garcia, bring this action against the defendants, Clayton Federics, as trustee of the Malcolm Malon Trust (Malon Trust), A.Point.Design, Inc. (A.Point) and Gregorian Engineers (Gregorian), alleging negligence, violation of G.L.c. 143, §51, and loss of consortium. Defendant the Malón Trust is seeking contribution and tort-based indemnity from A.Point and Gregorian. This matter is before the court on A.Point and Gregorian’s motion for summaiy judgment both as to the plaintiffs’ claims and as to Malón Trust’s cross claims. For the reasons stated below, the defendant’s motion is ALLOWED.

BACKGROUND

In December 2001, the Malon Trust entered into a contract with All City Management Corp. (ACM) to conduct some demolition work on its property located at 200 Mountain Avenue in Malden, Massachusetts. ACM provided services to the property under the supervision of Mr. Josh Thomason (Thomason) and Mr. Paul An tos (Antos).
Jorge Garcia (Garcia) was an employee of ACM. In January 2002, ACM requested that Garcia report to Malón Trust’s job site in order to do some work on the property. Garcia was assigned to break up some concrete flooring located on one of the balconies in the building. Garcia sat on a plank, outside of a building unit and used a hammer-like tool to conduct this work. While he was breaking up the concrete flooring, a four-by-eight piece of plywood that was being used to protect a sliding door located behind Garcia became loose and fell, hitting Garcia on the back of the head and upper back, causing injuiy.
ACM awarded Garcia workers’ compensation benefits. The plaintiffs then filed this action against the Malon Trust, A.Point, and Gregorian[4] alleging claims of negligence, violation of G.L.c. 143, §51, and loss of consortium.

DISCUSSION

A. Summary Judgment Standard

Summaiy judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The summaiy judgment record consists of the pleadings, depositions, answers to interrogatories, affidavits, and responses to requests for admission. Mass.R.Civ.P. 56(c). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
The mere assertion of a genuine factual dispute by the nonmoving party, “absent factual material upon which the assertion might be proved, is not sufficient to defeat summary judgment.” Mass. Mun. Elec. Co. v. City of Springfield, 49 Mass.App.Ct. 108, 113 (2000) (additional citations omitted). Furthermore, “[c]onclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summaiy judgment.” Madson v. Erwin, 395 Mass. 715, 721 (1985), citing Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3rd Cir. 1972).

B. Negligence Claim

To prevail on a claim of negligence, plaintiffs must prove: (1) that the defendants owed a duty of care to the plaintiffs,[5] (2) that they breached that duty, and (3) that plaintiffs’ injuries were proximately caused by the breach. Coughlin v. Titus & Bean Graphics, Inc., 54 Mass.App.Ct. 633, 638 (2002). “As such, a person is not negligent toward another unless he owes the other a duty to be careful.” Id. In considering whether architects, engineers, or other design professionals have a duly with regard to the safety of workers on a construction project, courts look to the agreement between the design professional and the owner and other contract documents. See Parent v. Stone & Webster Eng. Corp., 408 Mass. 108, 113 (1990).
*683 The material submitted by the parties contains two contracts. The first contract is a standard form agreement (AIA Document A107) between the Malón Trust and ACM for the construction project which identifies A.Point as the architect and Gregorian as the structural engineer. The second contract contains a standard form of architect’s services (AIA Document B141). Neither document assigns responsibility to A.Point or Gregorian for safety issues. In fact, Article 9.2 of AIA Document A107 specifically states:
However, the Architect will not be required to make exhaustive or continuous on-site inspections to check the quality or quantity of Work. The Architect will neither have control over or charge of, nor be responsible for, the construction means, methods, techniques, sequences, or procedures, or for safety precautions and programs in connection with the Work, since these are solely the Contractor’s rights and responsibilities under the Contract Documents, except as provided in Subparagraph 8.2.1.[6]
The following article in the document similarly states, “[t]he Architect will not have control over or charge of and will not be responsible for acts or omissions of the Contractor, Subcontractors, or their agents or employees, or any other persons or entities performing portions of the Work.” Furthermore, article 15.1 of the same document reiterates that “[t]he Contractor shall be responsible for initiation, maintaining and supervising all safely precautions and programs in connection with the performance of the Contract.” Moreover, “[t]he Contractor shall take reasonable precautions for safety of, and shall provide reasonable protection to prevent damage, injury, or loss to: 1. employees on the Work and other person who may be effected hereby . . .” AIA document B141 contains similar language.[7] Thus, A.Point and Gregorian had no contractual duty to protect Garcia against unsafe working conditions.
The plaintiffs cite to sections of the AIA contract and portions of the Massachusetts State Building code,[8] which require that the architect and engineer review quality control materials and be present at certain instances during construction to ensure the quality of work and whether the work is being performed in a manner consistent with the construction documents. Neither of these documents specify that the architect or engineer is responsible for safety issues. Moreover, the plaintiffs’ assertion contradicts the language outlined above from the same AIA documents.
For the foregoing reasons, the defendants’ motion for summary judgment as to the negligence claim is allowed.
C. Remaining Claims
Remaining are the plaintiffs’ claims for violation of G.L.c. 143, §51, and loss of consortium. Massachusetts General Laws c. 143, §51 states that “[t]he owner . . . being the party in control, of a . . . building shall comply with the provisions of this chapter and the state building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions.” Because A.Point and Gregorian are neither the owners nor in control of the property, this statute does not apply. Thus, the defendants’ motion for summary judgment as to this claim must be allowed as well.
Turning to the plaintiffs’ last claim, it is well settled that “either spouse [may have] a claim for loss of consortium shown to arise from personal injury of the other spouse caused by negligence of a third person.” Diaz v. Eli Lilly & Co., 364 Mass. 153, 167-68 (1973). Although a spouse’s right to recover for loss of consortium is independent from the remedy for the injured spouse, any recovery for loss of consortium against A.Point and Gregorian must be based on a claim that their negligence caused injury to a spouse. Mouradian v. General Elec. Co., 23 Mass.App.Ct. 538, 544 (1987). See also Agis v. Howard Johnson Co., 371 Mass. 140, 146 (1976). As the plaintiffs have failed to demonstrate a reasonable expectation of proving that A.Point and Gregorian had a duty of care to Garcia, this claim also fails and the defendants are entitled to summary judgment on the loss of consortium claim.

D. Cross Claims by Malón Trust

Malón Trust has asserted contribution and indemnification claims against A.Point and Gregorian. Neither of these claims have merit. Massachusetts General Laws c. 131B, §1 (a) states that “[W]here two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them.” The language of this statute requires that the potential contributor be directly liable to the plaintiff. Liberty Mutual Ins. Co. v. Westerland, 374 Mass. 524, 526 (1978). Therefore, for the Malon Trust to have a claim for contribution against A.Point and Gregorian, A.Point and Gregorian would have to be directly liable to Garcia. Id. As discussed in the above sections, A.Point and Gregorian are not liable towards Garcia. Therefore, the Malon Trust may not seek contribution from their codefendants.
The right to indemnify allows a party “who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire amount of the loss, including reasonable attorneys fees.” Santos v. Chrysler Corp., 430 Mass. 198, 217 (1999), citing Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). In order to give rise to a claim for indemnification, a party must establish either (1) that an express agreement to indemnity exists, (2) a contractual right implied from the nature of the relationship between the parties, or (3) a tort-based right where one party is held derivatively or vicariously liable for the wrongful act of another. See Fall River Housing Auth. v. H.V. Collins Co., 414 Mass. 10, 13 (1992); Decker v. Black & Decker Mfg. Co., 389 Mass. 35, 37 (1983). The Malon Trust is *684 seeking a tort-based indemnity. In the facts discussed above, neither A.Point nor Gregorian joined in the negligent conduct causing Garcia’s injury. Therefore, the Malón Trust cannot be indemnified by A.Point or Gregorian.

ORDER

For the reasons stated above, the defendants, A.Point.Design and Gregorian Engineers’ motion for summary judgment is ALLOWED.

A.Point and Gregorian provided architectural and engineering services for Malon Trust, respectively.

The issue of whether a defendant owed a duty of care to the plaintiff is a question of law. Coughlin v. Titus & Bean Graphics, Inc., 54 Mass.App.Ct. 633, 638 (2002).

AIA Document A107, section 8.2.1 states:
The Contractor shall supervise and direct the Work, using the Contractor’s best skill and attention. The Contractor shall be solely responsible for and have control over construction means, methods, techniques, sequences, and procedures, and for coordinating all portions of the Work under the Contract, unless the Contract Documents give specific instructions concerning these matters. If the Contract Documents give specific instructions concerning construction means, methods, techniques, sequences or procedures, the Contractor shall be fully and solely responsible for the jobsite safety thereof unless the Contractor gives timely written notice to the Owner and Architect that such means, methods, techniques, sequences or procedures may not be safe.

AIA Document B141, Section 2.6.2.1 states:
... the Architect shall not be required to make exhaustive or continuous on-site inspection to check the quality or quantity of the Work. The Architect shall neither have control over or charge of nor be responsible for, the construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work, since these are solely the Contractor’s rights and responsibilities under the Contract Documents.

Specifically, 780 CMR 116.0 - Registered Architectural and Professional Engineering Services - Construction Control.