NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-737

GREGORY TORRESO

vs.

JAMES CHODOSH & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Gregory Torreso, appeals from a Superior Court judge's order denying his motion for reconsideration of a medical malpractice tribunal's decision in favor of the defendants, Dr. James Chodosh and Massachusetts Eye & Ear Infirmary (MEEI).  We conclude that the judge acted within her discretion in denying the motion for reconsideration, and that the plaintiff did not timely appeal from the judgment of dismissal, and thus affirm.

Background.  The plaintiff commenced the underlying medical malpractice action on December 7, 2020.  He alleged that Dr. Chodosh performed eye surgery on him, failed to refer him to

_____

[1] Massachusetts Eye & Ear Infirmary.

another specialist for continuing care, and that he now suffers from blindness and disfigurement because of Dr. Chodosh's negligence.

At the medical tribunal, see G. L. c. 231, § 60B, the plaintiff submitted medical records, letters from physicians recommending new treatments, and a brochure regarding the eye surgery team, but did not submit evidence from an expert witness identifying a standard of care or a breach of the standard of care. The medical tribunal determined that there was insufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry. Accordingly, to proceed with the action against the defendants, the plaintiff was required to either post a bond with the court within thirty days or seek reduction of the bond requirement. See G. L. c. 231, § 60B.

On November 22, 2021, the plaintiff filed a motion for reconsideration in the Superior Court, which the judge denied. Two days later, the defendants filed a motion to dismiss for failure to post a bond. On December 2, 2021, the judge allowed the motion to dismiss, and a judgment of dismissal "for failure to file [a] bond" entered on December 10, 2021. On January 6, 2022, the plaintiff filed a notice of appeal in the Superior Court. The appeal was dismissed for lack of prosecution on May 16, 2023.

On April 25, 2024, approximately two and one-half years after the medical tribunal's decision and the judgment of dismissal, the plaintiff filed a second motion for reconsideration in the Superior Court. The judge considered the motion for reconsideration as "essentially a motion seeking relief from judgment" and denied the motion because "this motion comes more than [one] year later, and the [p]laintiff's motion does not allege any fraud upon the court." On May 29, 2024, the plaintiff filed a second notice of appeal in the Superior Court seeking to challenge both the medical tribunal's findings and the judge's denial of the second motion for reconsideration.

Discussion. 1. Rule 60 (b) motion.[2] On appeal, the plaintiff claims that (1) defense counsel committed fraud on the court by withholding his medical records; (2) the medical tribunal did not have possession of his offers of proof and thus

---

[2] Our review is hampered by the plaintiff's failure to comply with the Massachusetts Rules of Appellate Procedure, as several arguments in his brief lack citation to relevant legal authority, or any legal authority whatsoever. An appellant's brief must contain "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities and parts of the record on which the appellant relies." Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). The rule "is more than a 'mere technicality. It is founded on the sound principle that the right of a party to have this court consider a point entails a duty; that duty is to assist the court with argument and appropriate citation of authority.'" Cameron v. Carelli, 39 Mass. App. Ct. 81, 85-86 (1995), quoting Lolos v. Berlin, 338 Mass. 10, 14 (1958).

could not have properly weighed them; (3) a prolonged hospital stay is excusable neglect justifying his delay; and (4) the medical tribunal determination was invalid because the physician who participated on the medical tribunal "never completed an ophthalmic residency or corneal fellowship" and was otherwise not qualified in the field of medicine in which the injury occurred.  The claims are unavailing.

As a preliminary matter, our review is limited to the judge's denial of the plaintiff's second motion for reconsideration because the plaintiff failed to timely appeal from the judgment within the thirty-day period specified in Mass. R. A. P. 4, as appearing in 481 Mass. 1606 (2019).  See Muir v. Hall, 37 Mass. App. Ct. 38, 40 (1994).  Because a motion for reconsideration under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), also required service within ten days, the judge treated the plaintiff's motion as one for relief from judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), which does not constitute an appeal from the original judgment.  See Wilkinson v. Guarino, 19 Mass. App. Ct. 1021, 1023 n.6 (1985) ("a rule 60 [b] motion does not bring with it an appeal from the original judgment of dismissal").

We review the denial of a rule 60 (b) motion for an abuse of discretion.  See Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass'n, 399 Mass. 886, 894 (1987).  In denying

4

a motion for relief from judgment, the judge must "balanc[e] the competing needs for finality and flexibility to be certain that justice is done in light of all the facts." Sahin v. Sahin, 435 Mass. 396, 400 (2001). Nonetheless, a claim under rule 60 (b) (1)-(3) must be brought within one year of judgment. See Mass R. Civ. P. 60 (b), 365 Mass. 828 (1974). Because the plaintiff did not file his motion for reconsideration until approximately two and one-half years after final judgment entered, the judge did not have the power to grant the requested relief under those subsections.[3] Chavoor v. Lewis, 383 Mass. 801, 803-804 (1981). "This one-year time limit cannot be extended," thus, we discern no abuse of discretion. Id. at 803.

2. Negligence claims. Even if the dismissal and the motion for relief from judgment were properly before this court, see Mass R. Civ. P. 60 (b) (6), the plaintiff's contentions still fail. The plaintiff argues that he established a standard of care and a triable issue without expert testimony. In medical malpractice cases, "[e]stablishing the applicable standard of care typically requires expert testimony."

---

[3] Even if the plaintiff's rule 60 (b) motion had been brought within one year, there is nothing in the record before us that supports his position that neither he nor the tribunal had access to his medical records. To the contrary, the record reveals that the plaintiff filed his medical records as part of his offers of proof to the medical tribunal and the medical tribunal confirmed that they had access to those records.

Palandjian v. Foster, 446 Mass. 100, 105-106 (2006).[4]  "It is only in exceptional cases that a jury . . . may without the aid of expert medical opinion determine whether the conduct of a physician toward a patient is violative of the special duty which the law imposes."  Bouffard v. Canby, 292 Mass. 305, 309 (1935).  Such exceptional cases are limited to those "where the negligence and harmful results are sufficiently obvious to lie within common knowledge" (citation omitted).  Haggerty v. McCarthy, 344 Mass. 136, 139 (1962).

The plaintiff claims that a jury could infer negligence from evidence showing that he did not receive team-based care as advertised, and that Dr. Lucy Shen changed his care plan.  These claims are insufficient to establish a breach of the duty of care.  As the plaintiff concedes, "Only a high-level . . . corneal surgeon would understand the complexity of this surgical procedure."  Thus, the applicable standard of care in the present case is not within the common knowledge of a layperson.  Moreover, advertisements of team-based medical care do not establish a duty of care.  See Haggerty, 344 Mass. at 141 (expert testimony required to determine risks and requirements of professional conduct).  Furthermore, Dr. Shen's alleged

---

[4] A physician is held to the standard of care and skill of the average member of the medical profession practicing his specialty at the time of the alleged negligence.  Brusard v. O'Toole, 429 Mass. 597, 607 (1999).

6

choice to change the plaintiff's care plan does not demonstrate a breach of duty because her choice could be based on any number of factors including those unrelated to the surgery.  See Keppler v. Tufts, 38 Mass. App. Ct. 587, 592 (1995) (plaintiff must show "beyond pure conjecture or speculation" doctor's care was not within recognized standard of care).  Accordingly, we discern no abuse of discretion in the denial of the plaintiff's motion for reconsideration.[5]

> Order dated April 30, 2024, denying motion for reconsideration, affirmed.
>
> By the Court (Neyman, Ditkoff & Englander, JJ.[6]),
>
> Clerk

Entered: October 24, 2025.

---

[5] The plaintiff's negligence claim against MEEI was based in a "respondeat superior" theory.  Elias v. Unisys Corp., 410 Mass. 479, 481 (1991).  The plaintiff has not offered sufficient proof to show that Dr. Chodosh was negligent, therefore, the plaintiff's claim fails against MEEI as well.  See id. ("the principles of vicarious liability apply where only the agent has committed a wrongful act").

[6] The panelists are listed in order of seniority.